## Conley's Estate.

*Will—Gift of stock—Corporation.*

Testator gave all his stock in the Tide Water Pipe Line Company, Limited, to a trustee for his wife, stating that he had faith in the investment being secure and profitable. In a subsequent clause of the will he directed the trustee to "hold the Tide Water Pipe Line Company, Limited, until the death of my wife, and pay to her all dividends or divided profits accruing thereon." By a codicil he ratified and confirmed his will in all matters, excepting as to the stock he held in the Tide Water Pipe Line Company, Limited, which he gave to his wife absolutely. Testator owned shares of stock of the company, and also certificates of loan. The wife claimed both the stock and the certificates of loan. The certificates of loan of the Tide Water Pipe Line Company, Limited, provided that the holder should receive a share of the profits of the business of the company in lieu of interest; that he should not be liable as a copartner to other creditors of the company, except as to the amount loaned, and that the certificates should be transferable only on the books of the company. The holders

of these certificates also had the right annually to name two or more persons shareholders of the association, at least two of whom should be chosen by its stockholders as managers for the ensuing year, and, upon the dissolution of the company, they were to receive the full amount loaned by them before the capital was returned to the shareholders. They also had the right to examine the books of the association. *Held*, that the wife was entitled to the certificates of loan as well as the stock.

*Trusts and trustees—Executed trust—Intestacy.*

Where a testator without children gives all of his estate to trustees to pay the income therefrom to his wife during her life, and after her death to pay one half of the principal to charities, and the other half to certain persons named, and the testator dies within thirty days from the date of his will, the wife is entitled under the intestate laws, brothers of the testator surviving him, to one quarter of the estate free from the trust.

Argued Nov. 2, 1899. Appeal, No. 180, Oct. T., 1899, by Safe Deposit & Trust Company of Pittsburg, Trustee, from decree of O. C. Allegheny Co., March T., 1899, No. 36, dismissing exception to as to adjudication in the estate of William H. Conley, deceased. Before GREEN, McCOLLUM, MITCHELL, FELL and BROWN, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of OVER, J., which was as follows :

William H. Conley died testate on July 25, 1897. By his will, executed on July 14, 1897, he gave his wife, in the first paragraph, certain real estate and bank stocks. In the third paragraph he provided as follows :

" I direct my executor to transfer to the trustee, hereinafter named, all my stock in the Tide Water Pipe Line Company, Limited, to be held by said trustee until the decease of my wife, and not converted into cash until her decease, as I have faith in the investment being secure and profitable."

In a codicil, executed July 24, 1897, he ratified and confirmed his will in all matters excepting as to the stock he held in the Tide Water Pipe Line Company, Limited, which he gave to his wife, Sarah, her heirs and assigns forever. When he died he owned 107 shares of stock in this company, appraised at $64,200, and also ten certificates of loan issued by it for $60,000 ; and the legatee claims that the title to the latter also vests in her under the codicil.

In the fourth paragraph of the will, he disposes of the residue of his estate as follows:

" As to the rest and residue of my estate, real, personal and mixed (not hereinbefore specifically mentioned and bequeathed or devised), I direct my executor to convert them into cash as soon as the same can be done without unnecessary loss, and the moneys arising therefrom paid to my trustee, in trust that it will hold the Tide Water Pipe Line Company, Limited, until the death of my wife, and pay to her all dividends or divided profits accruing thereon, and as to the remainder of my estate that comes into my trustee's hands, I direct that the same shall be by it invested in first bond and mortgages, and hold the same so invested for, and during the natural life of my beloved wife Sarah, and pay to her at least semi-annually the entire income arising therefrom. After the decease of my said wife, I direct my trustee to pay out the principal as follows, and upon the conditions, and for the purposes mentioned only."

Then follows the disposition of all the residue, one half being given for charitable uses, and therefore ill given.

The testator left no children, and the widow claims that distribution of the one fourth of the residue should be made to her under the intestate laws.

### OPINION.

The certificates of loan of the Tide Water Pipe Line Company, Limited, provided that the holder should receive a share of the profits of the business of the company in lieu of interest, that he should not be liable as a copartner to other creditors of the company, except as to the amount loaned, and that the certificates should be transferable only on the books of the company. The holders of these certificates also had the right annually to name two or more persons shareholders of the association, at least two of whom should be chosen by its stockholders as managers for the ensuing year, and, upon the dissolution of the company, they were to receive the full amount loaned by them before the capital was returned to the shareholders. They also had the right to examine the books of the association.

Although called certificates of loan, they are rather in the nature of preferred stock, and no doubt would have been so designated and issued if a limited partnership had such power.

In the third paragraph of the will, testator directed his executor to transfer all his stock in the company to his trustee, to be held by it until the decease of his wife, and not convert it into cash, as he says, " I have faith in the investment being secure and profitable." In the fourth paragraph he directs the residue of his estate to be converted into cash, and the proceeds paid to his trustee " in trust that it will hold the Tide Water Pipe Line Company, Limited, until the death of my wife," and pay to her the dividends or divided profits accruing thereon, and the income of the residue, which he directs to be invested in first mortgages.

It thus appears that the testator considered the stock was a safe investment, but these so-called certificates of loan were much safer, and if he did not include them in his designation of stock and intend that they should also be held by the trustee, they would have to be sold by the terms of the fourth paragraph of the will. He was making provision for safe investments for his widow's benefit, and it is entirely improbable that he would direct the sale of his safest investment and the retention of one less secure.

In the third paragraph of the will, he did not make any disposition of the income of the stock, but this omission is supplied in the fourth. In it, however, there is no designation of the character of his interest in the company. Standing by themselves, these paragraphs are incomplete, and must, therefore, be read and construed together. And, as he refers to both " income or divided profits," in the fourth, and in the third to his interest as an investment, it seems reasonably clear that he intended to include these certificates of loan in the bequest of stock in the third paragraph, and, if so, it is safe to presume he also intended to include them in the bequest of the stock to his wife in the codicil. They will, therefore, be distributed to her.

As one half of the residue of his estate, subject to the widow's life interest, is ill given, there is intestacy as to it, and it must eventually be distributed under the intestate laws : Gray's Estate, 147 Pa. 67. The title to one fourth vests in the widow, and if the equitable life interest given her by the will merges with the title to the corpus she inherits under the intestate laws, it should be distributed to her.

In Fitzgerald's Appeal, 155 Pa. 96, the Supreme Court says :

" The doctrine of merger is well stated by Sir WILLIAM GRANT in Forbes v. Moffat, 18 Vesey, Jr., 390, as follows: ' It is very clear that a person becoming entitled to an estate subject to a charge for his own benefit, may, if he chooses, at once take the estate and keep up the charge. Upon this subject a court of equity is not guided by the rules of law. It will sometimes hold a charge extinguished when it would subsist at law, and sometimes preserve it when at law it would be merged. The question is upon the intention, actual or presumed, of the person in whom the interests are united. In most instances it is, with reference to the party himself, of no sort of use to have a charge on his own estate, and when that is the case it will be held to sink unless something shall have been done by him to keep it on foot.' "

Here, the widow's rights would be curtailed and her estate prejudiced if the charge of the life interest is kept alive and distribution made to the trustee; she could not use or dispose of the corpus in her lifetime, and her title to it would be deprived of one of its attributes in contravention of a well-settled rule of law: Good v. Fichthorn, 144 Pa. 287.

We think, then, that the gift of the income by the will is merged with the title vested in the widow, under the intestate laws to one fourth of the residue.

It is true, the trust created by the will is an active one during the widow's lifetime, but as the testator evidently had confidence in her business capacity, as shown by the valuable bequests and devises made to her, it seems to have been created not to protect her but to preserve the corpus for the legatees in remainder.

There being no necessity to keep it alive for that purpose, as to the portion of the residue to which the widow takes title under the intestate laws, the trust is to that extent executed, and distribution of the fund should be made to her: Tucker's Appeal, 75 Pa. 354.

In Kreb's Estate, 184 Pa. 222, and other cases cited by counsel for the trustee, where trusts have been sustained although the title vested in the beneficiary, some discretion was vested in the trustees and the trusts were created for the protection of the cestui qui trust.

Here, there is no discretion given the trustee, and no purpose to protect the beneficiary.

*Error assigned* was the decree dismissing exceptions to adjudication.

*Henry A. Miller*, for appellant.—The rule of construction is, that if the testator has property which aptly and fitly answers or satisfies the description given by the testator, only such property will pass, and the meaning of the words will not be extended to include other property : Slingsby v. Grainger, 7 H. L. Cas. 273 ; Gilliat v. Gilliat, 28 Beav. 481 ; In re Kirk, L. R. 5 Ch. Div. 800 ; Bodman v. Bodman, L. R. 3 Ch. Div. (1891), 135 ; In re Lane, L. R. 14 Ch. D. 856 ; Delamater's Est., 1 Whart. 362 ; Re Nottage, L. R. 2 Ch. Div. (1895), 657 ; Re Weeding, L. R. 2 Ch. Div. (1896), 364 ; Morrice v. Aylmer, L. R. 7 H. L. 717.

As a trust is active for the life of the widow it necessarily follows that the legal estate in the residue of the testator's estate is vested in the trustee during the life of the widow, and that the widow has but an equitable life estate in the residue.

A legal estate cannot merge in an equitable one. In no instance can the legal estate merge in the equitable ownership : Pennington v. Coats, 6 Whart. 277 ; Little v. Wilcox, 119 Pa. 439 ; Steacy v. Rice, 27 Pa. 80 ; Bacon's App., 57 Pa. 504 ; Shalters v. Ladd, 141 Pa. 349 ; Husbands on Married Women & Trusts, sec. 284 ; 2 Washburn on Real. Prop. p. 557 ; Fitzgerald's App., 155 Pa. 96.

*J. E. McKelvy*, for appellee.—The testator made no distinction between the certificates of loan and certificates of stock: Sweitzer's Est., 142 Pa. 541 ; Levy's Est., 161 Pa. 189 ; Carr's Est., 13 Pa. C. C. R. 643 ; Butler's Est., 37 P. L. J. 122.

No matter what may be the nominal duration of an estate given by will to a trustee, it continues in equity no longer than the things sought to be secured by the trust demands : Koenig's App., 57 Pa. 352 ; Freyvogle v. Hughes, 56 Pa. 228 ; McBride v. Smyth, 54 Pa. 245 ; Dodson v. Ball, 60 Pa. 493 ; Megargee v. Naglee, 64 Pa. 216 ; Steacy v. Rice, 27 Pa. 75 ; Kreb's Est., 184 Pa. 222 ; Ogden's App., 70 Pa. 508 ; Yarnall's App., 70 Pa. 339.

OPINION BY MR. JUSTICE McCOLLUM, October 8, 1900 :

The material questions to be considered on this appeal are

whether the learned court below erred in holding (1) that under the codicil in the will of the testator his widow is entitled to the ten certificates of loan and the 107 shares of stock of the Tide Water Pipe Line Company, Limited, and in holding (2) that as to the portion of the residue of the estate to which the widow is entitled under the intestate laws, the trust represented by the Safe Deposit & Trust Company of Pittsburg is to that extent executed.

In reaching the conclusion arrived at the learned court below had recourse to the third and fourth paragraphs of the will. It seems that in the third paragraph the testator provided as follows: " I direct my executor to transfer to the trustee hereinafter named, all my stock in the Tide Water Pipe Line Company to be held by said trustee until the decease of my wife, and not converted into cash until her decease, as I have faith in the investment being secure and profitable." In the fourth paragraph of the will the testator disposes of the residue of his estate as follows: " As to the rest and residue of my estate real, personal and mixed (not hereinbefore specifically mentioned and bequeathed or devised), I direct my executor to convert them into cash as soon as the same can be done without unnecessary loss, and the money arising therefrom paid to my trustee in trust that it will hold the Tide Water Pipe Line Company, Limited, until the death of my wife, and pay to her all dividends or divided profits accruing thereon, and as to the remainder of my estate all that comes into my trustee's hands I direct that the same shall be by it invested in first bond and mortgages and hold the same so invested for and during the natural life of my beloved wife Sarah and pay to her at least semi-annually the entire income arising therefrom. After the decease of my said wife I direct my trustee to pay out the principal as follows and upon the conditions and for the purposes mentioned only." Then follows the disposition of all the residue, one half being for charitable uses, and therefore ill given.

The rights and privileges of the holders of certificates of loan of the Tide Water Pipe Line Company, Limited, may refer to said certificates of loan as stock without any infringement of their rights and privileges in said company, and if their holdings therein include certificates of stock as well as certificates of loan and constitute their investments in it, the designation of

them as stock is not unnatural or unreasonable. It seems to us that the testator's direction to his executor, in the third paragraph of the will, to transfer to his trustee all his stock in the Tide Water Pipe Line Company, Limited, to be held by the trustee and not converted into cash until the death of his wife, is, when considered in connection with the provisions of the fourth paragraph of the will, expressive of his determination that his interests in said company should be retained during the lifetime of his wife. These interests were known to him to be valuable and to constitute a desirable investment. It is not at all probable that he intended to direct the conversion of the important interest represented by the certificates of loan into cash as soon after his decease as was practicable. As the certificates of loan were quite as safe as the certificates of stock, if not more so, it is a fair inference, under the circumstances, that the former was included with the latter in the investment referred to in the third paragraph of the will. We therefore conclude that the learned court below did not err in holding that the certificates of loan and the certificates of stock constituted the investment in which the testator had confidence and passed under his bequest in the codicil to his widow.

We are of the opinion also that no error was committed in holding that as to the widow's portion of the residue of the estate under the intestate laws, the trust represented by the Safe Deposit & Trust Company is to that extent, executed.

Decree affirmed and appeal dismissed at the cost of the appellant.