## MAGRUDER v. SEGEBADE and four other cases.

### Nos. 4256–4260.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1938.

Maurice J. Mahoney, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for appellant.

Charles McH. Howard, of Baltimore, Md. (Michael J. Manley and Joshua W. Miles, both of Baltimore, Md., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

### NORTHCOTT, Circuit Judge.

These are five actions at law brought in August, 1936, by the appellees, here referred to as the plaintiffs, against the appellant, collector of internal revenue for the District of Maryland, here referred to as the defendant, in the District Court of the United States for the District of Maryland, at Baltimore. The object of the actions was to recover income taxes paid by the plaintiffs, under protest. By agreement, a jury trial was waived and the cases were heard in April, 1937, by the judge. The facts were the same in each of the five cases. The judge below found for each of the plaintiffs in the sum sued for, $9,068, with interest, and judgments were entered accordingly. From this action, the defendant appealed.

There is no dispute as to the facts. The plaintiffs are nonresident aliens, residing in Germany, and are all heirs at law or next of kin of Ferdinand Meyer, who died on November 27, 1933, at Baltimore, Md., leaving a gross estate of more than $2,000,-000. The decedent had executed two wills, one dated December 31, 1926, with a codicil thereto date August 5, 1927, and another, the one offered for probate, dated November 25, 1933. Under both wills the decedent disposed of his estate to some thirty-odd legatees (not the same in each will), including the taxpayers. Before decedent's last will was submitted for probate, notice of caveat was filed by the taxpayers here. No caveat was ever filed, but before decedent's will was admitted to probate, an agreement was entered into by and between' the plaintiffs here and the other legatees under decedent's 1933 will, whereby it was agreed that decedent's 1933 will be admitted to probate, and that decedent's entire estate be settled and distributed in accordance with that will, upon the payment by the other legatees to the taxpayers here of the total sum of $245,000. In consideration of such payment, the taxpayers agreed to withdraw any objection which they or any of them may have interposed to the admission to probate of the last will of the decedent; and agreed that the same should be promptly probated in the orphan's court of Baltimore City, and the estate settled in accordance with the terms of said last will. The taxpayers further agreed that they would not, directly or indirectly, assist or take part in any contest of the last will of the decedent by any other persons or promote or encourage any contest thereof.

In accordance with the terms of the agreement between the taxpayers and other legatees of the decedent, the sum of $245,-000 was distributed to them from a fund

contributed by the other legatees of sums which the latter were entitled to receive under the will. The sum of $245,000 received by the taxpayers was in addition to other amounts to which they were entitled as legatees under the last will.

Upon the receipt of the total sum of $245,000, the taxpayers each filed income tax returns for the period January 1, 1935, to October 31, 1935, in accordance with the Revenue Act of 1934, and included therein their respective portions of $49,000 each. They each thereupon paid under protest to the collector of internal revenue for the District of Maryland the full amount of income taxes as shown on each of said returns, to wit, $9,068, and thereafter filed claims for refund which were rejected by the Commissioner of Internal Revenue in their entirety.

The sole question raised on this appeal is whether the amounts received by the plaintiffs under the compromise constitute taxable income.

The Sixteenth Amendment to the Constitution giving Congress the power to tax incomes does not define "income," nor has Congress in any of the income tax laws passed since the amendment undertaken to define the word. The Supreme Court in Bowers v. Kerbaugh-Empire Company, 271 U.S. 170, 46 S.Ct. 449, 451, 70 L.Ed. 886, said:

"After full consideration, this court declared that income may be defined as gain derived from capital, from labor, or from both combined, including profit gained through sale or conversion of capital [citations]. And that definition has been adhered to and applied repeatedly [citations]."

This followed the definition given by the court in Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570. See, also, Stratton's Independence v. Howbert, 231 U.S. 399, 34 S.Ct. 136, 58 L.Ed. 285. The definitions given by the Supreme Court are stated in 1 Paul & Mertens, Law of Federal Income Taxation, § 5.03, as meaning "that aside from gains on the sale of assets, an item is not income unless it can be traced to one of two sources—capital or labor, or both."

The Commissioner of Internal Revenue adopted the definition of the Supreme Court. Regulations 94, art. 22(a), provides:

"In general, income is the gain derived from capital, from labor, or from both combined; provided it be understood to include profit gained through a sale or conversion of capital assets."

Congress in the enactment of the Revenue Act of 1934 (the pertinent statute), c. 277, § 22, 48 Stat. 680, 686, 687, 26 U.S.C.A. § 22(b)(3), provided:

"(b) *Exclusions from gross income.* The following items shall not be included in gross income and shall be exempt from taxation under this title [chapter]: * * *

"(3) *Gifts, bequests, and devises.* The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)."

Considering the facts in this case in the light of the decisions of the Supreme Court, the Acts of Congress, and the Regulation of the Commissioner of Internal Revenue, we are forced to the conclusion that the amounts received by the plaintiff did not constitute income within the meaning of the Sixteenth Amendment.

The plaintiffs would have received a greater amount under the first will than under the later will. Had they been successful in contesting the second will and establishing the first will as valid, the amount that would have been received by them would undoubtedly have been a bequest or inheritance and no reasonable contention could be made that the whole amount was taxable income. Does the fact that they agreed, by way of compromise, to accept a lesser amount, a part instead of the whole, change the character of what was received? Was it not still a bequest or inheritance, although they surrendered a part of it rather than run the chances of litigation?

It is not necessary to decide these questions for certainly there was no gain derived from either capital or labor or from a sale or conversion of capital assets.

The precise question involved here was considered in the case of Lyeth v. Hoey, D. C., 20 F.Supp. 619, where the amount received by the compromise of a contested will was involved. Judge Coxe, in a well-considered opinion, reached the same conclusion as was reached here by the court below.

It is contended on behalf of the defendant that the sums received by the plaintiffs were acquired by purchase under a contractual arrangement and a decision of the Board of Tax Appeals in Kearney v. Commissioner, 31 B.T.A. 935, holding to that effect is relied upon. In the Kearney Case the Board held that there was a gain to a

taxpayer, compromising a will contest, "derived from capital, from labor, or from both." We do not approve of the reasoning of the Board in this case. There is more reason for holding that the amounts received by the plaintiffs come within the meaning of the words used in the exemption granted in the Revenue Act of 1934, above quoted, than for holding that they were taxable income.

The other opinions relied upon on behalf of the defendant were dealing with different facts from those here and are not controlling.

█ The results of a compromise of rights, the proceeds of which rights are not taxable, do not become taxable because the compromise was brought about by an agreement not to litigate.

The judgment of the court below is affirmed, in each case.

Affirmed.