IN RE WILL OF WILLIAM SLADE.

(Filed 2 November, 1938.)

**Wills § 29—Court may tax costs against estate in unsuccessful caveat proceedings.**

Even though judgment is entered in favor of propounders, the trial court may tax the costs, including an allowance to counsel representing caveators, against the estate upon finding that the filing of the caveat was apt and proper and done in good faith. C. S., 1244; Public Laws of 1937, ch. 143, sec. 1.

APPEAL by the propounder from *Grady, J.,* at May Term, 1938, of CRAVEN. Affirmed.

*W. H. Lee and L. I. Moore for caveators, appellees.*
*Ward & Ward and R. O'Hara for propounder, appellant.*

SCHENCK, J. Katherine Jones, as propounder, procured the probate in common form of a paper writing purporting to be the will of William Slade. Augusta Wilson and others filed a caveat. The cause was transferred to the Superior Court, where issues of *devisavit vel non* were answered in favor of the propounder. Whereupon judgment that the paper writing propounded, and every part thereof, was the last will and testament of William Slade was entered. However, upon motion of the caveators, ruling upon which was made by consent at a later time, the trial judge, after finding that the filing of the caveat was "apt and proper" and "done in good faith," "ordered that the costs of the proceeding be taxed against the estate, which costs shall include an allowance of $150.00 to counsel who represented the caveators in the trial." To this order the propounder reserved exception and appealed to the Supreme Court.

The taxing of the costs against the estate is authorized by C. S., 1244, which reads: "Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court: . . . (2) Caveats to wills . . ."

The inclusion of attorneys' fees in the costs is authorized by ch. 143, Public Acts 1937, which reads: "Section 1. That the word 'costs' as the same appears and is used in section twelve hundred and forty-four of the Consolidated Statutes shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow." It will be noted that the statute does not limit the attorneys' fees included to those of the attorneys for the party who prevails.

The judgment below is
Affirmed.