**DUMONT'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.**

No. 8854.

Circuit Court of Appeals, Third Circuit.

Argued June 5, 1945.

Decided July 11, 1945.

David B. Skillman, of Easton, Pa., for petitioner.

Robert Koerner, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before BIGGS and MARTIN, Circuit Judges, and KALODNER, District Judge.

MARTIN, Circuit Judge.

Frederick F. Dumont, of Lancaster County, Pennsylvania, executed two wills, one dated May 31, 1938, bearing a codicil of the same date, and the other and later testament dated May 19, 1939. In both wills, after making specific bequests, the testator gave, devised and bequeathed to a trust company, in trust, the residue of his property, real and personal, provided annuities to named relatives, and directed payment to the president of Lafayette College of the balance of the income arising from the trust, to be used in his discretion for the needs of the college or its students, with a requirement that an accounting be rendered annually to the board of trustees of the educational institution. The two wills were identical with respect to the residuary devise and bequest to Lafayette College, except for an immaterial survivorship annuity provided for in the later will, which was admitted to probate eight days after the death of the testator on June 4, 1939. Inasmuch as the will probated had been executed less than thirty days before the death of the testator, the bequest therein to Lafayette College was void. Title 20, Sec. 195, Purdon's Pennsylvania Statutes, Ann., as amended. Moore v. Gilbert, 287 Pa. 102, 134 A. 462; In re Arnold's Estate, 249 Pa. 348, 94 A. 1076; Lynch v. Lynch, 132 Pa. 422, 426, 19 A. 281; In re Gregg's Estate, 213 Pa. 260, 264, 62 A. 856, 857.

On September 28, 1940, the president of Lafayette College contested the validity of the 1939 will by appealing from its probate

on the averment that the testator lacked testamentary capacity. Some five months later, an agreement was executed between the trust company as executor and trustee of the probated will of 1939 and the president and trustees of Lafayette College as trust beneficiaries, and numerous next of kin, heirs at law and distributees of the testator, who were stated to embrace all persons entitled to or claiming an interest in the estate, except specific legatees whose interests were not affected by the agreement. The document recited that the president of Lafayette College, on his appeal from the decision admitting the will to probate, had procured the issuance and service of citations to all parties in interest, requiring them to show cause "why his appeal should not be sustained and the decision admitting the will to probate be set aside, and why an issue should not be awarded to try certain questions."

It was further recited that certain named next of kin had duly appeared in opposition to the position taken by the president of Lafayette College, and that the parties, being desirous of avoiding any controversy as to the competency of the testator and as to the validity of the provisions in his will "for the benefit of the College", had reached an agreement subject to the approval of the Orphan's Court of Lancaster County, Pennsylvania. Court approval of the settlement was obtained in due course.

The settlement agreement provided that, in consideration of the withdrawal of the will contest by Lafayette College and the payment by the College of specific sums to them, the next of kin transferred, assigned and set over to the College all their right, title and interest in the balance of income of the residuary trust remaining after the payment of annuities therein directed to be paid and the remainder of the trust estate subject to the life estates created by the trustor. It was recited that the intention of the parties was that "the last will and testament of Frederick F. Dumont, deceased, as probated on the 12th day of June, 1939, and the intent of the testator as therein evidenced, shall be carried out to the same extent and with the same force and effect as if said will had been executed more than thirty days before the decease of said Frederick F. Dumont."

In the estate tax return, the trust company as executor deducted as a charitable bequest to Lafayette College a sum representing the then present worth of its interest in the residue of the estate of Frederick F. Dumont. The deduction was claimed under Section 812(d) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 812(d),[1] but was disallowed by the Commissioner of Internal Revenue, whose deficiency assessment was sustained on review by the tax court. That tribunal, however, was sharply divided on the issue, five of its judges dissenting from the opinion of the majority. The jurisdiction of this court is now invoked by an appropriate petition for review, duly filed by the executor of the Dumont estate.

The opposing views expressed in the tax court will be found set forth in the opinions of Judge Leech, for the majority, and Judge Murdock, for the dissenters, as reported in 4 T.C. 158. In our judgment, the rationale of the majority reveals plain mistake of law, in contrast to the sound reasoning and correct application of the doctrine of Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410, in the minority opinion.

The majority of the tax court ruled that Lafayette College had acquired the residue of the testator's property as *purchaser* from his heirs and next of kin and *not as legatee*. This conclusion was stated to rest upon the law of Pennsylvania. In re Hoffner's Estate, 161 Pa. 331, 29 A. 33; In re Conley's Estate, 197 Pa. 291, 47 A. 238; In re Knox's Estate, 328 Pa. 188, 195 A. 34; In re Conrad's Estate, 341 Pa. 451, 19 A.2d 379.

We think the error of the tax court inheres in its failure to consider as determinative the fact that Lafayette College occupied the position of legatee under a prior will and did not need to rely upon the probated will, under which its

1 "Sec. 812. Net estate.

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \* \*

"(d) Transfers for public, charitable, and religious uses. The amount of all bequests, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, \* \* \*."

bequest was undoubtedly void under Pennsylvania law. What Lafayette College acquired was the result of a compromise in settlement of its attack upon the later will. Its right to contest was grounded upon its status under the earlier will as residuary legatee. In that earlier will, the bequest to it was not void as a charitable bequest, for the obvious reason that the Pennsylvania thirty-day statute had no applicability.

In Lyeth v. Hoey, 305 U.S. 188, 59 S. Ct. 155, 159, 83 L.Ed. 119, 119 A.L.R. 410, the Supreme Court, through Chief Justice Hughes, said that "in exempting from the income tax the value of property acquired by 'bequest, devise or inheritance', Congress used comprehensive terms embracing all acquisitions in the devolution of a decedent's estate", and that "Congress has not indicated any intention to tax again the value of the property which legatees, devisees or heirs receive from the decedent's estate." Manifestly, a legatee under a prior will occupies no lowlier position in a will contest than do heirs at law and next of kin. The Chief Justice made it clear that the construction of the exemption in the federal statute is to be determined by federal and not by local law, for he wrote (305 U.S. 193, 59 S.Ct. 158, 83 L.Ed. 119, 119 A.L.R. 410) that while the state establishes procedure governing the probate of wills and the processes of administration, determines the status of an heir as such, regulates the procedure whereby his rights can be vindicated and authorizes its courts to supervise the making of compromise agreements concerning will contests, "when the contestant is an heir and a valid compromise agreement has been made and there is a distribution to the heir from the decedent's estate accordingly, the question whether what the heir has thus received has been 'acquired by inheritance' within the meaning of the federal statute necessarily is a federal question", not to be determined by local characterization. It was considered beyond question that the petitioner had obtained that portion of the estate, upon the value of which he was sought to be taxed, because of his standing as an heir and of his claim in that capacity, and it was deemed immaterial that he had acquired his portion by compromise agreement instead of by judgment. Nor was the fact that he received less than the amount of his claim considered to alter its nature or the quality of its recognition through

the distribution which he did receive. The case squarely holds that property received by an heir, under an agreement compromising and settling his contest of his ancestor's will, is property acquired by *inheritance*, within the meaning of Sec. 22 (b) (3) of the Revenue Act of 1932, 26 U.S. C.A. Int.Rev.Acts, page 488, which exempts the value of such property from income tax. No valid reason would appear for a failure to apply the same principle to a revenue act relating to the estate tax. See In re Sage's Estate, 3 Cir., 122 F.2d 480, 483, 137 A.L.R. 658.

The principle of Lyeth v. Hoey, supra, was applied by this court in the Sage Case, where the Commissioner of Internal Revenue conceded a testator's bequest to have been to a charitable use and only the amount deductible in determining the net estate subject to tax was in dispute. The Board of Tax Appeals was upheld in its approval of the commissioner's assessment upon the ground that what the widow of the testator received as a result of a compromise agreement she took because of her standing as widow and of her right in such capacity to contest the will, and, if successful, to deprive the residuary legatee of its bequest. What the widow received in settlement of the will contest was held to have been received by "inheritance" within the meaning of the Revenue Act. Robbins v. Commissioner of Internal Revenue, 1 Cir., 111 F.2d 828, 830, was distinguished from Lyeth v. Hoey, supra, as well as from the Sage case then under consideration, in the material difference that the heir and the widow, respectively, in the last-mentioned cases had a status which commanded the compromise agreement, while Amherst College had no such status in the Robbins case, inasmuch as, had intestacy been there established by the will contest, the right of Amherst College as a legatee under the will would have vanished.

As pointed out in the dissenting opinion of the tax court in the present controversy, that expert tribunal had applied the principle of Lyeth v. Hoey in the case of Keller v. Commissioner of Internal Revenue, 41 B.T.A. 478, even though she had as her only claim the status of a named beneficiary in a prior will and would have taken nothing if the later will had been uncontested. The dissenting opinion recognized that the law of Pennsylvania governed the rights of Lafayette College in that under Pennsylvania law a bequest to charity rest-

694

ing on a will made within thirty days of the death of the testator is void. The comment was made that Lafayette College did not question the Pennsylvania rule, and that no necessity existed for decision as to its applicability. The contest of Lafayette College was declared to be grounded upon the lack of testamentary capacity of the testator at the time he executed the 1939 will. This attack called for the rejection of the 1939 will in entirety. Lafayette College did not need to rely upon that will, its claim being based upon the bequest to it in the earlier will of 1938. What Lafayette College received came to it under an agreement settling rival claims under two different wills. so that it did not really take as purchaser under a void bequest. The dissenting opinion concluded: "A real dispute was settled by all of the parties in interest. The question of whether or not Lafayette College was 'out' under the 1939 will or 'in' under the 1938 will was never decided. The agreement was that the contest would be discontinued permanently and the residuary estate would go to Lafayette College. The probate court having jurisdiction made an adjudication on an account filed by the executor under which the residuary estate was distributed to Lafayette College. The court in that adjudication expressly stated that consideration of the application of the Pennsylvania law as to the validity of a charitable remainder was not necessary in view of the agreement. Since a distribution was actually made to Lafayette College in administering the estate of this decedent, with the full approval of the court following the settlement of a genuine will contest, it seems incorrect to say that the College took by purchase rather than in a devolution of the decedent's estate."

The reasoning of the minority opinion is, in our judgment, logical and sound, adheres to the true principle of Lyeth v. Hoey, and applies correctly the doctrine of that binding authority. That doctrine was approved in Helvering v. Safe Deposit & Trust Co., 316 U.S. 56, 64, 62 S.Ct. 925, 86 L.Ed. 1266, 139 A.L.R. 1513, and has been applied not only in this circuit in Re Sage's Estate, supra, but by the Court of Appeals for the Seventh Circuit in Quigley v. Commissioner of Internal Revenue, 143 F.2d 27, 28, and by the Court of Appeals for the Second Circuit in Thompson's Estate, v. Commissioner of Internal Revenue, 123 F.2d 816, 817. Compare also Magruder v. Segebade, 4 Cir., 94 F.2d 177, which fur-

nished the basis of conflict upon which certiorari was granted in Lyeth v. Hoey.

The decision of the tax court is reversed and the cause is remanded for further procedure in conformity with this opinion.