## COMMERCIAL NAT. BANK OF CHARLOTTE v. UNITED STATES.

### No. 6394.

United States Court of Appeals
Fourth Circuit.

Argued April 4, 1952.

Decided April 26, 1952.

John S. Cansler, Charlotte, N. C. (Cansler & Cansler, Charlotte, N. C., on brief), for appellant.

Melva M. Graney, Sp. Asst. to Atty. Gen. (Ellis N. Slack, Acting Asst. Atty. Gen., Lee A. Jackson, Sp. Asst. to Atty. Gen., Thomas A. Uzzell, Jr., U. S. Atty., Asheville, N. C., and Francis H. Fairley, Asst. U. S. Atty., Charlotte, N. C., on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and HUTCHESON, District Judge.

SOPER, Circuit Judge.

This suit relates to the deductibility of attorneys' fees as an administrative expense in computing the net estate of E. L. Baxter Davidson for estate tax purposes under Section 812(b) (2) of the Internal Revenue Code, 26 U.S.C.A. § 812(b) (2). Fees were paid for services rendered by attorneys in connection with a caveat of the will of the deceased under which an estate of approximately $800,000, consisting in great part of real estate in the business section of Charlotte, North Carolina, with the exception of certain legacies, amounting to less than $60,000, was devised and bequeathed to Davidson College, one of the outstanding educational institutions of the South. The executor filed an estate tax return showing no estate tax to be due. Subsequently, numerous heirs at law of the testator employed attorneys and made an attack on the validity of the will which involved an extensive investigation into the life and habits of the testator who died at the age of 86 years, and culminated in a proceeding in the Superior Court of Mecklenberg County, North Carolina, to set aside the will on the grounds of lack of testamentary capacity and undue influence. The case came to trial and after three days spent in taking testimony, during which the propounders of the will completed their case and the caveators had offered certain testimony attacking the will, an agreement of settlement was reached under which the

caveators were paid $108,000, including $26,740.22 that was allotted and paid to their lawyers in accordance with pretrial contingent agreements between attorneys and clients.

The agreement of settlement was embodied in an exchange of letters between attorneys for the caveators and the attorneys for the estate in which it was provided that the caveators would discontinue all efforts to prosecute the caveat, so that a verdict establishing the will might be rendered, and that the trustees of the college would pay to the caveators $108,000 and would pay all federal and state estate, inheritance, legacy, succession and death taxes, and that no court costs would be assessed against the caveators. It was further provided that the sum of $108,000 would be inclusive of any attorneys' fees payable to the caveators and that if the court should tax any fees for said attorneys to be paid out of the estate, the amount thereof should be deducted from the sum of $108,000.

The widow of the testator joined the executor in defense of the will and in the final settlement of the controversy she was paid an additional sum of $35,000, which included $8750 in counsel fees, in addition to the sum of $47,000 to which she was entitled under an ante-nuptial agreement executed by her and the testator ten years before his death. For purpose of convenience the amounts agreed to be paid to the heirs at law and the widow, and to the attorneys, as above set out, were paid by the college, the residuary legatee of the estate.

The terms of the settlements, however, were not embodied in the judgment of the court since the residuary estate consisted entirely of real property and the attorneys for the college desired to avoid any semblance of a cloud upon the title. Accordingly, when the trial was resumed after the settlement had been reached, the caveators offered no further evidence and the jury returned a verdict upon the evidence offered by the propounders in support of the will. A judgment was then entered admitting the will to probate and directing the executor to proceed with the administration of the estate, according to the terms of the will, and further directing that the costs of the proceedings be taxed by the clerk and paid by the executor out of the estate. No reference was made in the judgment to the amounts paid in settlement or to the attorneys' fees, and none of the fees were taxed as costs.

When these matters were brought to the attention of the federal tax authorities and it appeared that the charitable deduction had been reduced and that the net estate was subject to tax, there was assessed a deficiency tax of $58,967.96, which was paid. Thereafter, demand for refund was made and the instant suit was brought by the executor to recover the sum of $14,600.96 with interest, which represents the amount by which the tax was increased, by including in the taxable estate attorneys' fees in the aggregate sum of $35,490.22. The District Judge, being of the opinion that no deduction for the amount of the attorneys' fees was allowable under the federal and state law, entered judgment for the United States.

It is conceded, by reason of the decisions of the courts,[1] that what was paid to the caveators and the widow, in accordance with the compromise agreements, was received because of their standing as heirs and widow of the testator, since their claims although not established by a formal judgment of the court, were based upon their relationship to the deceased; and hence the amounts paid to them were properly included in the taxable net estate. The United States takes the further position that the amounts paid for the attorneys' fees are in the same category and should also be included in the net estate since they were paid for services rendered to the heirs and to the widow, and constituted a part of what they received in the settlement of their claims. It is said that the attorneys' fees were not administrative expenses of the estate within the meaning of the federal statute, but were the individual expenses of

1. Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119; Magruder v. Segebade, 4 Cir., 94 F.2d 177; In re Sage's Estate, 3 Cir., 122 F.2d 480; Thompson's Estate v. Commissioner, 2 Cir., 123 F.2d 816.

the heirs and the widow, incurred by them in protecting their own interests.

This position, under usual circumstances, is in accord with Section 812(b) (2) of the Internal Revenue Code and Sections 81.29 to 81.35 of Treasury Regulations 105 promulgated in pursuance thereof. The statute provides that, in determining the value of the net estate for the purposes of the tax, such amounts may be deducted for administration expenses as are allowed by the laws of the jurisdiction under which the estate is being administered. The Regulations[2] provide that deductible administration expenses are such as are actually and necessarily incurred in the administration of the estate, but that expenses incurred for the individual benefit of the heirs, such as attorneys' fees incurred by the beneficiaries incident to litigation as to their respective interests, may not be taken as deductions.

These Regulations clearly illustrate and carry into effect the general purpose of the statute to limit the allowable deductions for administrative expenses to those incurred for the benefit of the estate. The Regulations, however, must be considered in connection with the provisions of the statute allowing the deduction of such amounts for administrative expenses as are allowed by the laws of the state in which the estate is being administered. In North Carolina it is provided by statute[3] that costs incurred in caveats to wills shall be taxed against either party or apportioned among the parties in the discretion of the court, and that the word "costs", as used in the statute, shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow. The Supreme Court of North Carolina has construed this statute to empow-

2. Sec. 81.29. *"Deduction of administration expenses, claims, etc.* In order to be deductible under the foregoing provisions of the Internal Revenue Code, the item must fall within one of the several classes of deductions specifically enumerated therein, and must also, except in the case of deductible losses during the administration of the estate, be one the payment of which out of the estate is authorized by the laws of the jurisdiction under which the estate is being administered. Unless both of these conditions exist the item is not deductible. If the item is not one of those described it is not deductible merely because payment is allowed by the local law. If the amount which may be expended for the particular purpose is limited by the local law no deduction in excess of such limitation is permissible."

Sec. 81.32. *"Administration expenses.* The amounts deductible from the gross estate as 'administration expenses' are such expenses as are actually and necessarily incurred in the administration of the estate; that is, in the collection of assets, payment of debts, and distribution among the persons entitled. The expenses contemplated in the law are such only as attend the settlement of an estate by the legal representatives preliminary to the transfer of the property to individual beneficiaries or to a trustee, whether such trustee is the executor or some other person. Expenditures not essential to the proper settlement of the

estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions. Administration expenses include (1) executor's commissions; (2) attorney's fees; and (3) miscellaneous expenses. Each of these classes is considered separately in sections 81.33 to 81.35 inclusive."

Sec. 81.34. *"Attorney's fees.* The executor or administrator, in filing the return, may deduct such an amount of attorney's fees as has actually been paid, or in an amount which at the time of such filing it is reasonably expected will be paid. * * *

"Attorney's fees incurred by beneficiaries incident to litigation as to their respective interests do not constitute a proper deduction, inasmuch as expenses of this character are properly charged against the beneficiaries personally and are not administration expenses."

3. The North Carolina statute, General Statutes 6–21 is as follows:
"6–21. *Costs allowed either party or apportioned in discretion of court.* Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court: 1. * * *. 2. Caveats to wills.
       *       *       *       *       *       *
"The word 'costs' as the same appears and is used in this section shall be construed to include reasonable attorneys' fees in such amounts as the court shall in its discretion determine and allow."

er the court in a will case to tax as costs against the estate not only the fees of the attorneys of the executor, but also the fees of attorneys for caveators, even though the caveat is unsuccessful. See In re Will of Slade, 214 N.C. 361, 199 S.E. 290; In re Will of Coffield, 216 N.C. 285, 4 S.E.2d 870.

Notwithstanding this established state law, the United States contends that the attorneys' fees were not administrative expenses within the terms of the federal statute, but were a part of the monies received by the heirs and the widow by reason of their relationship to the deceased, and that therefore even if they had been assessed as costs of the proceeding by the judgment of the state court, they were not deductible for the purposes of the estate tax. This position is doubtful since it would seem to have been the purpose of Congress to follow the state law in the allowance for administration expenses,[4] but we do not find it necessary to decide that question in this case. An examination of the facts clearly shows that attorneys' fees paid by the residuary legatee under the settlements described never became costs within the meaning of the statute of North Carolina. Fees for services rendered by attorneys to the parties in a caveat to a will in that state do not automatically become costs of the proceeding merely because they are incurred and paid. The statute commits the allowance and apportionment of the fees and the determination of the amounts thereof to the discretion of the court; but in this case the court made no determination of the matter since it was never called upon to do so. It is true that the amounts of the fees were stipulated by the parties to be entirely reasonable; but the amounts thereof were fixed by contingent agreement between attorneys and clients prior to suit, and the allowance of the fees as part of the costs of the proceeding was intentionally excluded from the judgment of the court. Without exercise of the court's discretion, the amounts paid to the attorneys did not lose their character as monies paid to the beneficiaries by reason of their relationship to the testator, and did not and could not become part of the taxable costs of the suit under the North Carolina law.

Affirmed.

4. In Lyeth v. Hoey, 305 U.S. 188, 194, 59 S.Ct. 155, 158, 88 L.Ed. 119, the court said: "In dealing with the meaning and application of an act of Congress enacted in the exercise of its plenary power under the Constitution to tax income and to grant exemptions from that tax, it is the will of Congress which controls, and the expression of its will, in the absence of language evidencing a different purpose, should be interpreted 'so as to give a uniform application to a nation-wide scheme of taxation'. Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199. *Congress establishes its own criteria and the state law may control only when the federal taxing act by express language or necessary implication makes its operation dependent upon state law.*" (Italics supplied.) See also Estate of Bluestein, 15 T.C. 770.