**IRVING TRUST COMPANY and Ernest Crawford May, as Executors of the Will of Charles H. Hastings, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

United States District Court,

S. D. New York.

Sept. 24, 1954.

Cardozo & Cardozo, New York City, for plaintiffs.

J. Edw. Lumbard, U. S. Atty., New York City, Thomas E. Burke, of counsel, for the Government.

NOONAN, District Judge.

The plaintiffs have moved, and the defendant has cross-moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C., on the ground that there is no genuine issue as to any material fact.

While few cases arise which are properly the subject of such a motion, this case apparently does present questions of law alone, and therefore is amenable to disposition in this manner.

The plaintiffs, as executors of the estate of the deceased, seek a refund of a portion of a federal estate tax, which portion they allege to have been assessed erroneously by the defendant. The basic agreed-upon facts are these:

The decedent died in 1942, leaving a will which, on being offered for probate in the Surrogate's Court of New York County, was contested by certain relatives of the deceased. Before the will was admitted to probate, a compromise agreement was entered into between the plaintiffs herein and the contestants thereto. This agreement was approved and the will was admitted to probate, by the Surrogate's Court in December, 1942. In accordance with the terms of the agreement, the plaintiffs, in February of 1943, paid $182,500 to those heirs and/or next of kin involved. Shortly thereafter, a charitable corporation was organized pursuant to the laws of California and under the terms of the testator's will. This corporation was formed to receive and did receive the bulk of the decedent's estate for the erection, maintenance and support of a sanitarium.

The pre-trial order signed by the parties and by Judge Leibell listed as one of the issues to be tried: "What was the probability that the will contestants would succeed in establishing their ob-

jections to the probate of decedent's will dated January 23, 1939?"

If that issue were regarded as material for the purposes of this action, summary judgment could not be granted. Such an issue could not be decided on the basis of a scattering of affidavits submitted by both sides. A full scale hearing of the various witnesses would be essential. Yet, such a decision on affidavits seems to be precisely what the plaintiffs are seeking. They maintain that that question is material to this proceeding, because it is listed in the pre-trial order as one of the issues to be determined.

■ With this contention, the court is not in agreement. The pre-trial order is designed to provide a limitation of issues. It is intended to provide a maximum rather than a minimum of controversy. The very phrasing of the order requiring a determination of a "probability" by the trial court is indicative of the complexity that such an issue must raise if it is to be considered material to this proceeding.

We cannot rule as a matter of law whether or not the contestants would have ultimately succeeded. They were in the status of heirs or next of kin. We cannot conclude what might or might not have happened in a Surrogate's Court proceeding. If the contestants' claims were utterly devoid of merit, as plaintiffs allege, paying out $182,500 in settlement of such claims, even in the interest of expediency, was hardly justified.

Those portions of Title 26 U.S.C. § 812 which are applicable to the question in issue read as follows:

"For the purpose of the tax the value of the net estate shall be determined * * * by deducting from the value of the gross estate —* * * (d) * * * The amount of all bequests, legacies, devises, or transfers * * * to or for the use of any corporation organized and operated exclusively for * * * charitable * * * purposes * * * or to a trustee or trustees * * * but only if such contributions or gifts are to be used by such trustee or trustees * * * exclusively for * * * charitable * * * purposes."

In this case, $182,500 was paid to persons outside the category of charitable organizations. Since that much of the money was not spent for erecting, or maintaining the sanitarium, it was not spent for charity; it did go to those having a valid status to contest the will.

The case of Lyeth v. Hoey, infra, holding that money so acquired by the "beneficiaries" is not "income" but rather "inheritance" for tax purposes, argues for an extension of that logic to this situation.

While the court is inclined to agree with the plaintiffs that this case is, at least to some extent, one of first impression, we feel that the case is sufficiently analogous to the cases cited below to require that the reasoning of those cases be applied to this matter as well.

■ Accordingly, this court denies the plaintiffs' motion for summary judgment, and grants the defendant's motion for summary judgment on the logic of the decisions rendered in the cases of: Thompson's Estate v. Commissioner of Internal Revenue, 2 Cir., 123 F.2d 816; Helvering v. Safe Deposit Co., 316 U.S. 56, 62 S.Ct. 925, 86 L.Ed. 1266; Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119; Dumont's Estate v. Commissioner of Internal Revenue, 3 Cir., 150 F.2d 691; In re Sage's Estate, 3 Cir., 122 F.2d 480, 137 A.L.R. 658, certiorari denied 314 U.S. 699, 62 S.Ct. 480, 86 L.Ed. 559; and Commercial National Bank of Charlotte v. U. S., 4 Cir., 196 F.2d 182, 30 A.L.R.2d 1103.

Settle order.