Charles S. BAILEY, Executor of the Will of Rose Bailey, Deceased, Plaintiff,

v.

R. J. RATTERRE, Acting Director of Internal Revenue of the United States of America, for the Albany District, Defendant.

Civ. No. 5415.

United States District Court
N. D. New York.

Aug. 14, 1956.

Frederic C. Barns, Utica, N. Y., for plaintiff. Ralph G. Failing, Fort Plain, N. Y., of counsel.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., for defendant. Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe and Walter B. Langley, Attys., Dept. of Justice, Washington, D. C., of counsel.

BRENNAN, Chief Judge.

The question presented is whether the corpus of a trust fund, created by the decedent, Rose Bailey, is properly taxable in her estate. The evidence is not disputed and is summarized below.

The parties who are referred to in this decision and their relationships are set out below to facilitate an understanding of the facts disclosed. They are Thomas Bailey; Rose Bailey, widow of Thomas Bailey; and Charles Bailey, son of Thomas and Rose Bailey.

Thomas Bailey died on or about April 19, 1930 leaving a will which left substantially all of his estate to his wife, Rose Bailey. The will of Thomas Bailey was admitted to probate after the execution by Charles Bailey of a waiver of citation. Letters testamentary were issued to Rose Bailey and while the estate has not been judicially settled, the assets thereof were distributed in accordance with the terms of the will.

Charles Bailey evidenced dissatisfaction with the disposition of his father's estate as above. A few months after the probate of the will, he retained an attorney to represent or assert his interests therein. He later retained Attorney Hardies, Mr. Zoller, his first attorney, being disqualified by reason of his election to judicial office. Negotiations had between the attorneys representing Charles Bailey and the attorney representing the estate, who also acted in the individual interest of Rose Bailey, resulted in the agreement referred to below.

On February 10, 1931, a trust instrument was executed by Rose Bailey, as an individual, and referred to therein as the grantor, which set up a trust with the Chase National Bank of the City of New

York as trustee. The instrument is lengthy and as far as pertinent here, it provided for a corpus composed of securities of the value of $50,000, same to be held by the trustee to pay the income therefrom to Charles Bailey in his lifetime and providing for the distribution of the corpus on his death to the wife and children of said Charles Bailey. It was provided therein that the grantor shall not have the right to revoke the trust nor to provide that the property so held in trust shall revert to or again become the property of the grantor. No modification thereof shall diminish the rights of Charles S. Bailey as set forth therein. The grantor reserved for herself the right to alter, amend or modify the trust created thereby, including the right to name as ultimate beneficiaries other persons than those named therein and to exclude from or alter the proportions which any of the named beneficiaries would receive. The exact provisions referred to are quoted in footnote [1] below.

Of the rights retained by the grantor, she only actually exercised the right to require that no investment made by the trustee in any one security would exceed the sum of $5,000 without her written consent.

Rose Bailey died July 8, 1949, leaving a will which was duly admitted to probate and letters testamentary were issued to her son, the plaintiff, Charles Bailey, as executor. A federal estate tax return was filed in the estate of Rose

Bailey from which the corpus of the trust, created February 10, 1931, was excluded. Administrative proceedings were taken and the Commissioner of Internal Revenue determined a deficiency tax was due in the amount of $10,549.61 with interest. The above amount was paid under protest on August 7, 1951. Claim for refund was made and denied. This action followed.

Plaintiff's theory of his right to recovery is based upon the contention that the corpus of the trust fund represents the proceeds of a compromise settlement of his threatened contest of his father's will. He concludes that same was acquired in the "devolution" of his father's estate and that Rose Bailey never had ownership thereof or possessed powers affecting same so as to make such corpus taxable in her estate.

The defendant contends that Rose Bailey created a living trust from her own property received by will from her husband's estate, that family discord was averted and plaintiff's desire for financial security was satisfied by said trust instrument and that same was not the settlement of a will contest in a legal sense. It is urged alternatively that in any event the decedent was possessed of powers over the ultimate distribution of the corpus of the trust fund as to render it taxable in the estate of Rose Bailey.

These contentions require, first, the determination as a question of fact of the ownership of the trust estate. Obviously such ownership rested in Rose Bailey by

---

1. "Third: The Trustee shall have such additional powers as the grantor, in any future instrument in writing delivered to the Trustee, may grant to it, the right to grant such powers being hereby expressly reserved to the grantor.

"Notwithstanding anything herein contained to the contrary, the grantor reserves also the right to be exercised only by herself, of altering, amending or modifying in whole or in part the trust hereby created, including the right to do so in such a manner as to take in and include as beneficiary or beneficiaries other persons than those herein named, and in so doing, to exclude in whole or in part any

of the beneficiaries herein named from participating hereunder, or to change the proportions which the beneficiaries hereunder shall receive, or to alter the method and proportion of distribution hereunder provided, including the right to postpone the time when the ultimate beneficiaries shall receive the corpus of the estate, all within the limits permitted by law. The grantor, however, shall not have the right to revoke said trust, nor to provide that the property so held in trust shall revert to or again become the property of the grantor. But no modification shall diminish the rights of Charles S. Bailey as set forth herein."

the terms of her husband's will or passed to Charles Bailey under the terms of the settlement agreement. It is also obvious that the Commissioner found ownership in Rose Bailey since it was held to be taxable under Title 26 U.S.C.A. § 811(c) or (d).

■ No authority is necessary for the statement that the burden of proof on this issue rests with the plaintiff since the determination of the Commissioner is presumptively correct. The inferences to be drawn from the evidence and applied in the light of the reported authorities are the guides to the ultimate determination of the fact question.

No lengthy discussion of the evidence is necessary. Plaintiff relies principally upon self-serving declarations and the fact that he did retain attorneys who negotiated with the attorney for the estate relative to an arrangement which would satisfy plaintiff's demands. He urges that the fact that the items making up the corpus of the fund came from the Thomas Bailey estate prior to its judicial settlement, his status as an heir of Thomas Bailey, and the timeliness of his retention of counsel in the matter, all justify the conclusion that the trust fund was in fact and law a compromise of his threatened contest of the Thomas Bailey will.

The difficulty with plaintiff's evidence arises from what is missing therefrom. That all counsel involved were capable and experienced is beyond question, yet no step was taken to vacate the probate of the Thomas Bailey will or set aside the waiver and consent of Charles Bailey as preliminary thereto. There is no direct evidence of a threat communicated to either the executor or her attorney that a will contest was contemplated. Whatever little evidence there is as to negotiations between the parties and attorneys all point to an arrangement between plaintiff and his mother, primarily based upon the plaintiff's requirement of financial security due to his inability to follow gainful employment. More important is the fact that there is no evidence that the estate of Thomas Bailey was released from further claim or any claim by reason of the trust agreement. It is hardly conceivable that capable attorneys would settle a will contest without written or even oral evidence of such a settlement. In this connection, it is clear from exhibits 6 to 10 that efforts to obtain additional benefits were continued by plaintiff's counsel in his behalf for about a year and ten months after the date of the trust agreement. Also important is the fact that there is no evidence of a decree, order or legal document which in any way indicates that the estate of Thomas Bailey had an interest in or was affected by the terms of the trust agreement.

Turning now to the agreement itself, we find that nowhere therein is there an indication that it was related to or fulfilled a recognized obligation of the Thomas Bailey estate. Rose Bailey is the named grantor in her individual capacity. In specific language it is provided " * * * nor to provide that the property so held in trust shall revert to or again become the property of the grantor". Such language is indicative of present ownership which the grantor is surrendering under a covenant that she cannot regain it. This document was carefully drawn and subjected to the scrutiny of plaintiff's attorney. On his own theory, it represented the settlement and he embraced the terms thereof. He is put in the awkward position of asserting that this very provision prevents the taxation of his life estate in the Rose Bailey estate (acquiesced in by the Commissioner), but is without meaning when the corpus of the estate is involved.

Plaintiff relies upon the rationale in Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, with which there is no dispute, but in that case there was a concededly valid compromise agreement and distribution was made in accordance therewith. No case is cited which discusses the problem of proof necessary to

establish the existence of an agreement which would be recognized as transferring property in a manner recognized by the taxing statutes. In such cases as Lyeth v. Hoey, supra; Helvering v. Safe Deposit Co., 316 U.S. 56, 62 S.Ct. 925, 86 L.Ed. 1266; United States v. Gavin, 9 Cir., 159 F.2d 613; Dumont's Estate v. Commissioner, 3 Cir., 150 F.2d 691, emphasis seems to be placed upon the fact that the compromise agreement is made a part of the probate proceeding. That such fact is not determinative is indicated in Commercial National Bank of Charlotte v. United States, 4 Cir., 196 F.2d 182, 30 A.L.R.2d 1103, and In re Sage's Estate, 3 Cir., 122 F.2d 480, 137 A.L.R. 658. It would appear then that each case is to be decided on its own facts.

■■ It seems to me that the compromise of a will contest must be based upon something more than a naked threat. Some evidence beyond the mere retention of an attorney and some recognition of the existence and disposal of the threat to an estate must be shown. A desire to avoid family friction may well prompt a settlement but to recognize such desire as the basis for a contest compromise leaves an open door to tax evasion. The evidence here is unconvincing that there was an intention to transfer a part of the Thomas Bailey estate by the agreement in a manner so as to constitute the corpus of the fund as an inheritance.

> "But the true intent of the agreement must be drawn from the writing as a whole in the light of the circumstances and purposes it was intended to serve." Reed's Estate v. Commissioner of Internal Revenue, 8 Cir., 171 F.2d 685, 688.

The plaintiff has failed to carry the burden of proof in that regard.

Such a finding eliminates the necessity to discuss the problem as to whether or not the corpus of the fund as distinguished from the plaintiff's life income could be considered as received from the Thomas Bailey estate by the recipients who do not have the status of heirs of that decedent.

■ The finding made above for all practical purposes disposes of this litigation. If the corpus of the trust fund was not a part of the inheritance from the Thomas Bailey estate, then it was created by Rose Bailey from her own property and she retained the right to designate the persons who shall possess or enjoy the property composing such corpus. This right appears in that section of the agreement quoted above. It is therefore taxable under the provisions of Title 26 U.S.C.A. § 811(c) or (d). Porter v. Commissioner, 288 U.S. 436, 53 S.Ct. 451, 77 L.Ed. 880; Commissioner of Internal Revenue v. Chase Nat. Bank, 2 Cir., 82 F.2d 157; Chickering v. Commissioner, 1 Cir., 118 F.2d 254, 139 A.L.R. 508; Guggenheim v. Helvering, 2 Cir., 117 F.2d 469; Holderness v. Commissioner, 4 Cir., 86 F.2d 137.

The defendant asserts in the brief filed that such corpus is taxable under the provisions of Title 26 U.S.C.A. § 811 (c) (1) (B) (ii) as amended in 1949. There may be some question as to whether or not subdivision (B) applies here. The trust agreement is dated February 10, 1931, although not acknowledged by the trustee until March 25, 1931. In any event, the language which makes it taxable under facts here is the same in the predecessor statute.

It is unnecessary to decide as urged by the defendant that the corpus is also taxable under Title 26 U.S.C.A. § 811(f) (1). The parties disagree as to the possession by Rose Bailey of a power of appointment of the type to bring same within the section. The disposition of this controversy is unnecessary since it seems plain to me that it is taxable under the provisions of section 811(c) or (d).

It is concluded that the plaintiff has failed to establish a claim upon which relief can be granted and that the complaint should be dismissed. Judgment is directed accordingly and it is

So ordered.