Argued September 15, affirmed September 29, 1925.

# NATIONAL SURETY CO. *v.* J. HARRIS JOHNSON.

(239 Pac. 538.)

**Pleading—Principal and Surety—Complaint in Surety Company's Action Against Principal to Recover Amounts Paid on Claim Against Principal for Patent Infringement Held Demurrable.**

1. Complaint in action by surety company to recover of principal amount paid on claim against principal for alleged infringement of patents *held* insufficient to state cause of action, in absence of affirmative allegation of facts showing infringement such as would have been necessary in action by patentee, nor was allegation that patents had been infringed sufficient, being mere conclusion.

**Principal and Surety—Provision in Contract Between Principal and Surety Held not to Dispense With Necessity of Allegation of Facts on Which Principal's Liability was Predicated in Surety's Action for Reimbursement—"Settle."**

2. In surety company's action against principal to recover amount paid on claims against principal, incorporation, as part of complaint, of vouchers by which plaintiff made payments alleged *held* insufficient to dispense with necessity of allegation of facts on which liability of principal was predicated, notwithstanding provision of contract "that in any settlement * * vouchers or other proper evidence showing payments by the company * * shall be *prima facie* evidence" of fact and amount of principal's liability; "settle" meaning a mutual adjustment of accounts and agreement on balance.

**Pleading—Proper Pleading Requires Allegation of Fact Rather Than Evidence Thereof.**

3. Proper pleading requires allegation of fact rather than evidence thereof.

---

(1) 31 Cyc. 63; 32 Cyc. 266.   (2) 32 Cyc. 266.   (3) 31 Cyc. 49.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Bert W. Henry* and *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. A. G. Barry.*

For respondent there was a brief over the names of *Mr. George A. Pipes* and *Mr. John M. Pipes,* with an oral argument by *Mr. Martin L. Pipes.*

BURNETT, J.—Apprehending that it would need sureties in its future contracts with municipal corporations and the like, a corporation called the Consolidated Contract Company, with the defendant J. Harris Johnson, and others not appearing here as co-makers, executed and delivered to the plaintiff their joint and several contract under seal whereby they agreed to pay premiums on all bonds to be thereafter executed by the plaintiff here for the Contract Company, covenanting that the liability formulated by the instrument would continue until all other obligations had been discharged, and principally

"That we will at all times indemnify and keep indemnified the Company, and hold and save it harmless from and against any and all demands, liabilities and expenses of whatsoever kind or nature, including counsel and attorney's fees, which it shall at any time sustain or incur by reason or in consequence of having executed such bonds and undertakings, and that we will pay over, reimburse and make good to the Company, its successors or assigns, all sums and amounts of money which the Company or its representatives shall pay or cause to be paid or become liable to pay under its obligation upon such instru-

115 Or.—40

ments, or as charges and expenses of whatsoever kind or nature, including counsel and attorney's fees, by reason of the execution thereof, or in connection with any litigation, investigation or other matters connected therewith, such payment to be made to the Company as soon as it shall have become liable therefor, whether it shall have paid out said sum or any part thereof or not.''

Other provisions of the instrument are here set out:

''That in any settlement between us and the Company the vouchers or other proper evidence showing payment by the Company of any such loss, damage or expense shall be *prima facie* evidence against us of the fact and amount of our liability to the Company; provided that such payment shall have been made by the Company in good faith, believing that it was liable therefor.

''Fourth: That in case any action at law, suit in equity, or other proceeding be commenced or threatened, or notice of such action, suit or proceeding be served upon the undersigned, affecting the liability of the Company upon any such instruments, or growing out of any matter connected therewith, or on account of which any such instruments were given, we will immediately so notify the Company at its principal offices in the City of New York.

''Fifth: That the Company may at any time take such steps as it may deem necessary or proper to obtain its release from any and all liability under any of the said instruments, and to secure and further indemnify itself against loss, and all damages and expenses which the Company may sustain or incur or be put to in obtaining such release, or in further securing itself against loss, shall be borne and paid by us.''

While this instrument, known in the pleadings as Exhibit ''B,'' was still in force and effect, the plaintiff here executed a bond with the Consolidated Contract Company to the City of Portland with conditions as follows:

"The conditions of this obligation are such that, whereas the above bounden principal, the Consolidated Contract Company, a corporation, has entered into contracts with the City of Portland for the improvement of various streets throughout the said city, with hard surface pavement; and whereas the Hassam Paving Company, a Massachusetts corporation, and the Oregon Hassam Paving Company, an Oregon corporation, have filed a statement with the City of Portland, claiming that the said pavement, as laid by the Consolidated Contract Company, is an infringement upon certain patent rights which they hold; and whereas, the Consolidated Contract Company is desirous of indemnifying the City of Portland against any and all loss or damage which it, the said City of Portland, may suffer by reason of any royalties or damages claimed or any delays caused by any suits which the Hassam Paving Company, or the Oregon Hassam Paving Company, or either of them, may file or cause to be filed, enjoining, or attempting to enjoin, the Consolidated Contract Company from laying its pavement on any of the streets covered by the above mentioned contracts.

"Now, therefore, if the said contractor, the Consolidated Contract Company, shall indemnify and save harmless the City of Portland against all claims, royalties, damages, costs of litigation, and pay and discharge all judgments or decrees rendered or entered against the city, in an amount not to exceed twenty-five thousand ($25,000.00) dollars, then this obligation shall be void, otherwise to remain in full force and virtue."

This last undertaking is known as Exhibit "A" in the pleadings. After averring the execution of the two instruments thus described, the complaint charges:

"That thereafter the said Consolidated Contract Company constructed hard surface pavements upon the streets of said City of Portland, and the parts thereof designated in its said several contracts with said city, and said pavement was used by the said

city, but in doing so both the said contract company and said city infringed certain United States patents owned by said Hassam Paving Company and said Oregon Hassam Paving Company, and they, and each of them, on account of said infringement, became liable to said paving companies for an accounting of profits and for damages in a sum much in excess of nineteen thousand ($19,000) dollars, and this plaintiff was, by reason of its execution of the undertaking or bond (Exhibit A), liable therefor. This plaintiff notified Consolidated Contract Company, the principal in said undertaking or bond, and all of its indemnitors, who executed the contract of indemnity (Exhibit B), of the claims to an accounting of profits and for damages made by said paving companies, and of this plaintiff's liability therefor, and required said principal and said indemnitors to account for said profits and pay said damages and cancel the liability of this plaintiff therefor, but said principal and said indemnitors, including defendant, failed and refused to do so, whereupon this plaintiff, having employed reputable lawyers in the State of Oregon and having made a full investigation of its liability for the payment of said profits and said damage, did, in good faith, and believing itself to be liable therefor, on or about the 5th day of February, 1918, compromise and settle all said claims, profits and damages, and did cancel and secure the release of its liability and the liability of said City of Portland therefor by the payment to said Hassam Paving Company and Oregon Hassam Paving Company of the sum of seventeen thousand eight hundred ten and 65/100 ($17,810.65) dollars."

The plaintiff also claims for expense of employing attorneys to investigate the matters and things referred to, with a view to determining its liability at an expense named, and it says that all those payments were made in good faith, and sets out as exhibits to the complaint certain vouchers for such payments, alleging a demand for reimbursement from the defend-

ant, who was one of the parties executing Exhibit
"B," and his failure to pay the same. The complaint
demands judgment for the amounts expended by the
plaintiff.

A similar cause of action on the same undertaking,
for being compelled to pay for the repairs of the
pavement laid by the Consolidated Contract Company,
was confessed, so no notice further will be taken of
that. The Circuit Court sustained a demurrer to the
first cause of action already delineated, and as the
plaintiff stood on the demurrer a judgment was en-
tered dismissing the action. The plaintiff has ap-
pealed.

1. Notwithstanding the liberal terms of Exhibit
"B" the plaintiff had no right to pay anything for
which either its principal or itself was not liable at
the time of payment. It was necessary, therefore, in
the pleading to show affirmatively, by proper allega-
tion, the facts disclosing a liability of its principal,
for which the plaintiff here was responsible. It is
said in general terms that the city and the Consoli-
dated Contract Company infringed certain United
States patents owned by the Hassam Paving Company
and the Oregon Hassam Paving Company. At best
this is a conclusion of law. It is not shown what the
process was for which the Hassam Companies had a
patent nor what act the Consolidated Contract Com-
pany did in laying the pavement which constituted a
violation of that patent. It does not appear that the
Hassam Companies instituted any suit or action based
on a violation of that patent. Hence the case is not
one in which either party to the instrument now in
suit could call upon the other to defend so as to
bind that other for damages arising from an in-
fringement of the patent. In order to constitute a

basis of liability of the Consolidated Contract Company, either to the City of Portland as an indemnitor, or directly to the Hassam Company, for which it and its sureties would be responsible, the complaint should set out the facts with the same particularity that would be required of the Hassam Company if it was proceeding directly by action against the city or its sureties. All this would be necessary in the complaint in the present action in order to show that the claim paid by the plaintiff was one upon which its principal was liable primarily and itself secondarily. The plaintiff was not authorized to go out and pay at will what it chose and charge the defendant with such expenditures. He can be holden only for that amount for which the plaintiff became liable, either primarily or secondarily.

As said in 32 Cyc. 256:

"Whatever present liability on the part of a surety exists or has become fixed by judicial determination may be paid off and satisfied voluntarily by him without waiting to be coerced by process, and such payment will entitle him to reimbursement. Nor is the right of the surety to such reimbursement affected by a compromise with the creditor which does not injure the rights of the principal, or because payment was made without request or permission from the principal to payor although the surety does not notify the principal of his intention to pay.".

But to come within that rule there must be a present liability on the part of the surety, and it is incumbent upon him to show the facts demonstrating that liability. In cases where an action has been instituted against the surety, such as the plaintiff claims to be, the only advantage to be gained by notifying the principal to appear and defend is that the latter, when thus warned, will be bound by the judgment

thereafter rendered against the surety in the action and the proof of the amount of the recovery otherwise will be dispensed with. But the surety will not lose his right to recover for what he has actually paid in discharge of the obligation under compulsion of liability, irrespective of whether or not the suit has been instituted or whether or not notice has been given. But when no notice is given, the plaintiff surety is bound to establish the facts upon which his liability accrued. The complaint in the present action fails to portray such a situation and hence the demurrer was well taken.

2. It is urged that setting out as exhibits made part of the complaint, the vouchers upon which the plaintiff claims to have made payment is sufficient to dispense with the ordinary requirement that the complaint must state the facts upon which the liability arose. For this the plaintiff relies upon the provision of the bond already quoted, to the effect,

"That in any settlement between us and the Company the vouchers or other proper evidence showing payment by the Company of any such loss, damage or expense shall be *prima facie* evidence against us of the fact and the amount of our liability to the Company; * * *"

This excerpt has no reference to litigation between the plaintiff and either the city or the Hassam Companies. By its terms it alludes only to, "Any settlement between us and the Company."

According to *Phipps* v. *Willis*, 53 Or. 190 (96 Pac. 866, 99 Pac. 935, 8 Ann. Cas. 119):

" 'The word "settle" has an established legal meaning, and implies a mutual adjustment of accounts between different parties, and an agreement upon the balance.' "

It is thus defined in 35 Cyc. 1443:

"A compromise, for peace's sake, of a claim, the validity of which is denied; a contract between two parties by means of which they ascertain the state of the accounts between them and strike a balance; a determination by agreement; a mutual adjustment of accounts between different parties, and an agreement upon the balance; an accounting; adjustment; liquidation in regard to amounts; as a settlement of accounts; an adjustment between persons concerning their dealings or difficulties, whereby a balance is ascertained to be due from one to the other, or an agreement is entered into which terminates their controversy; an adjustment of accounts; a payment of the amount found to be due on the examination by parties of their mutual accounts according to the intention of the parties; liquidation of amount, arrangement of difficulties, an adjusting, etc.; payment; payment, or accord and satisfaction, or something equivalent to accord and satisfaction, admissible as a defense under the general issue; * * the payment of a claim to the extent to which it is conceded to be due; the payment of a debt; payment in full; an agreement by which two or more persons who have dealings together so far arrange their accounts as to ascertain the balance due from one to the other; an adjustment of accounts or claims, liquidation, payment."

3. Moreover, it is never good pleading to allege the evidence by which one would seek to prove a primary fact. Proper pleading requires the allegation of fact rather than the evidence thereof.

In brief, the complaint fails to set forth facts from which the court could derive the conclusion that the city or the Consolidated Contract Company infringed any patent owned by the Hassam companies or that they or either of them or the plaintiff here became liable to pay anything. Without discussing the other

questions suggested, this is sufficient to defeat the recovery of the plaintiff on account of defective complaint.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.