CHARLOTTE KELLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93026. Promulgated February 28, 1940.

*Walter H. Linforth, Esq.,* and *William M. Cannon, Esq.,* for the petitioner.

*Alva C. Baird, Esq.,* for the respondent.

---

[2] Op. Cit., pp. 40 and 28.

## OPINION.

DISNEY: We are first and primarily faced with the question, Does income received out of the estate of a decedent, by one who was not an heir but a legatee under a will of the decedent, through compromise of a claim as such devisee against those claiming under a later will, constitute taxable income, or is it to be excluded under section 22 (b) (3) of the Revenue Act of 1934? Though voluminous documentary evidence was introduced, the facts necessary to decision of the question may be very briefly stated: The petitioner, though not a relative or heir of Erna Herrscher, was her residuary legatee under a will and codicil. Thereafter, and shortly before her death by suicide, Erna Herrscher made another will, not mentioning the petitioner and leaving the entire estate to others. The latter will was admitted to probate, whereupon within the statutory period the petitioner, with others, filed a contest and amendments thereto, which attacked the latter will, showing allegations of incompetency of the testatrix at the time of the last will and, in effect, fraud and undue influence exerted by the beneficiaries of the last will, and alleged the testatrix's competency and freedom from duress or undue influence at the execution of the first will and prayed probate of the first will. Petitioner also filed a petition for probate of the earlier will in which she was residuary legatee. Another party also filed a contest, claiming to be the only heir. While these conflicting claims were pending, and during an extension of time for answer by those interested in the later will to answer the contests by petitioner and others, petitioner and the others interested in the wills settled their differences. Pursuant to such settlement, petitioner received approximately one-third of the estate and those named in the later will two-thirds, and other contestants were paid off. The executor of the later will settled the matter for as little as possible, and considered petitioner's claim worth what was paid in settlement thereof. Petitioner received during the year 1935 her share of the estate under the compromise and, pursuant to contract with and assignment to her attorneys for their fees on a contingent basis, paid one-third of her share to her attorneys.

The petitioner relies primarily and strongly upon *Lyeth* v. *Hoey*, 305 U. S. 188. The respondent with equal vigor contends that such decision is inapplicable, because petitioner was not, like the claimant in the cited case, an heir of the decedent. Though other cases are cited by both parties, it is apparent that the conclusion to be reached here rests largely upon construction and application of *Lyeth* v. *Hoey*, *supra*. In that case the Supreme Court had before it a grandson who objected to probate of the will of his grandmother, whose heir he was, and compromised with the other claimants under the will to the effect that the will should be probated and that he receive certain amounts, more than provided for him by the will. The Court held that the amounts received by him were not taxable as being received by inheritance, under section 22 (b) (3) of the Revenue Act of 1932. The petitioner herein argues that there is no essential difference between the situation here and that in the *Lyeth* case, while the respondent contends that the Supreme Court stressed the fact that the contestant there was an heir, while here the petitioner was neither heir nor relative, but only a friend of the testatrix, that the will making her a legatee was never probated, and that therefore *Lyeth* v. *Hoey* is wholly inapplicable.

We think the distinction made by the respondent is not consonant with the principles in the mind of the Supreme Court in deciding the *Lyeth* case. The Court said:

In exempting from the income tax the value of property acquired by "bequest, devise, or inheritance", Congress used comprehensive terms embracing all acquisitions in the devolution of a decedent's estate. * * *

We think that what petitioner received was an "acquisition in the devolution of a decedent's estate." It was distributed to her directly by the probate court, as was the remainder of the estate to the legatees or devisees. It is true that each distribution designated her as assignee, but the assignment was because of compromise of her own claim as legatee.

Respondent stresses the language in *Lyeth* v. *Hoey* as to the claimant there: "Save as heir he had no standing", and deduces therefrom that because the claimant was held not to receive by compromise, the petitioner, not an heir herein, must be held to take by compromise. The statute recites four ways of conveyance or devolution of property which exempt from income tax: gift, bequest, devise, or inheritance. *Lyeth* v. *Hoey* certainly therefore can not mean that one must be an heir and take only in the one category of "inheritance" in order to be free from taxation upon receipts from a compromise. Patently, if an heir could so compromise, one who is in fact a devisee, legatee, or donee could do the same. Petitioner was in fact a legatee as completely as was the claimant an heir in the *Lyeth* case. The fact of such

designation by a will and codicil is not denied, nor is the competency of the testatrix or other impediment to the legality of the first will suggested, save only the fact of a later will, not naming the petitioner. That will was strenuously attacked by petitioner, and others, upon grounds of insanity, incompetency, fraud, and undue influence, which, if substantiated, would have necessarily invalidated the later will. In such a situation the petitioner, and others, compromised their claims, that is, compromised the question as to the legal effect of petitioner's status as a legatee under a former will, and pursuant to such compromise the probate court distributed to the petitioner.

We think the petitioner had a standing as a legatee just as the claimant had a standing as heir in *Lyeth* v. *Hoey*. The mere fact of being an heir, that is, a grandson through a deceased mother, gave no rights to the claimant in the *Lyeth* case unless he could set aside the effect of the grandmother's will. So here, the petitioner was a legatee, able to reap results from such status, if she could set aside the effect of the later will. In both cases the objectionable will was affected by compromise, so that property was received. In both cases the objectionable will was probated and distribution was made in the course of such probate procedure, but according to the compromise effected and contrary to the terms of the will. In both instances the claimant took contrary to the will, except as affected by compromise. We therefore think that respondent's contention that petitioner did not take under the first will, where she was named legatee, but under a later contrary will, is no answer to the question propounded here. In the *Lyeth* case the claimant received property to an extent not provided by the will probated. His status was that of heir, regardless of the will; petitioner's status was that of legatee, regardless of the will actually probated. Had she been a legatee under the later will, in some smaller amount, and by compromise had received the amount she did actually receive, the objection suggested by respondent would be obviated. Or had the earlier will under which she was legatee been probated instead of the later will, her status as legatee would preclude any idea that she had not a standing as legatee under the expression "devise or bequest" parallel with and of equal force with the standing of the claimant in the *Lyeth* case, and respondent could not be heard to deny a parity of standing with that in the cited case.

We believe that the mere accident of probate of one will rather than the other can not be logically controlling. The compromise, in effect dividing the estate one-third to petitioner, two-thirds to her opponents, could have been carried out by probate of either will with substantially the same facility so far as any question herein is concerned. Had petitioner assigned to her opponents two-thirds of her interests under the earlier will and the later will been withdrawn, the effect would not have been materially different. We thus see that petitioner

did have a standing as a legatee. We think the emphasis in *Lyeth* v. *Hoey* does not indicate any requirement that a claimant be an heir in order to receive the fruits of a compromise tax-free, but only that he occupy one of the four positions enumerated by the statute. Petitioner fulfilled the position referred to by devise and bequest.

This is shown, we think, by *Magruder* v. *Segebade*, 94 Fed. (2d) 117, conflict with which led to certiorari in *Lyeth* v. *Hoey*. Though actually heirs, the claimants there did not claim as such, but only as legatees. They were legatees under both the old will and the later will, in a lesser amount under the latter. Yet the plaintiffs allowed the later will to be probated, and received, by compromise, certain amounts in addition to the legacies received under the later will. This seems logically to control the situation here, for certainly the additional amounts, those involved in the tax question there presented, were received by compromise based upon the position of legatee *under the former will*— just as is involved here. Yet the court said the amount received through compromise was to be excluded from gross income under the statute. The court said, speaking of the taxpayers:

> The plaintiffs would have received a greater amount under the first will than under the later will. Had they been successful in contesting the second will and establishing the first will as valid the amount that would have been received by them would undoubtedly have been a bequest or inheritance and no reasonable contention could be made that the whole amount was taxable income. * * *

The same language could be used as to petitioner here. Yet the court therein proceeds to follow the opinion of the District Court in *Lyeth* v. *Hoey*, 20 Fed. Supp. 619, which was affirmed by the Supreme Court, saying that "certainly there was no gain derived from either capital or labor or from a sale or conversion of capital assets" and following the definition of income laid down in *Eisner* v. *Macomber*, 252 U. S. 189, and holds the plaintiff's receipts were excludible from gross income under section 22 (b) (3) of the Revenue Act of 1934, here involved.

We are unable to distinguish the controlling principle here from that in the *Magruder* case, applying, so to speak, *Lyeth* v. *Hoey*. We think the grant of certiorari in the latter because of conflict with the former indicates approval by the Supreme Court of the *Magruder* case, and therefore of the application of both cases here. No other case cited is found sufficiently similar to the situation here to be of material assistance. We conclude and hold that the money and property received by petitioner from the estate of Erna Herrscher was received as legatee and is to be deducted, under the statute last above cited, from gross income.

This conclusion renders it unnecessary to decide the further question as to deductibility from income of the amounts received as contingent fees by petitioner's attorneys in the will contest.

*Decision of no deficiency will be entered.*