Argued at Pendleton October 29; reversed December 3, 1940

# NEW AMSTERDAM CASUALTY CO. *v.*
## TERRALL ET AL.
### (107 P. (2d) 843)

*L. Z. Terrall*, of Union (E. M. Sabin, of Union, on the brief), for appellants.

*John F. Kilkenny*, of Pendleton (Raley, Kilkenny & Raley, of Pendleton, on the brief), for respondent.

RAND, C. J. In this action the plaintiff seeks to recover of defendants the sum of $1,060.99, alleged to be due on a contract of indemnity. The complaint alleges that the defendants were executors under the will of Esther E. Pursel, deceased, and that they entered into this indemnity contract in consideration of the execution by plaintiff of a surety bond, given by the defendants to insure their faithful performance of the trust. The indemnity contract is set out in the complaint and, in and by its terms, the defendants undertook and agreed

"to furnish the Company with copies of all important court papers connected with the settlement of the estate; to pay the Company any and all loss, cost,

charges, suits, damages, counsel fees and expenses of whatever kind or nature which the Company shall or may, for any cause, at any time, sustain or incur, or be put to, or by reason, or in consequence of the Company having entered into or executed said Bond.

"If the Applicant shall desire, during the administration of said estate, to substitute a new bond for the one herein applied for, the Applicant will not give such new bond until said Company has been duly notified and given ample opportunity to file its petition to be released in accordance with the provisions of the Statute in such cases made and provided, and in the event of failure to notify the Company and to give it an opportunity to be released as provided by law, agrees to continue to pay the premiums herein specified, and in event the Company shall be released in any manner agrees to pay all costs and expenses incurred by the Company in such proceedings.

"And the Applicant does further agree, if any suit is brought on the Bond herein applied for, to permit the Company to employ its own counsel or attorney to defend such suit, and to repay to the Company the fee of said counsel or attorney, and all other costs and expenses which the Company may be put to in defense of such suit."

It is further alleged in the complaint that the defendants entered upon the performance of their duties as executors on or about the 10th day of August, 1929, and that thereafter and until October 1, 1934, they wholly failed to file any semi-annual account, and failed to file a copy of their notice to creditors with proof of publication thereof.

The complaint also alleges that on the first day of October, 1934, the administration of said estate had been completed and that no final account was then filed, and that, because of these failures upon the part of these defendants, the plaintiff employed a firm of attorneys to investigate the condition of said estate and to

ascertain the reason why these papers had not been filed, and that, for such service, it paid the sum sought to be recovered herein.

The defendants demurred to this complaint on the ground that it failed to state a cause of action. The demurrer was overruled and this ruling is assigned as error. The defendants then answered, denying generally the allegations of the complaint. The cause was then tried to the court without a jury and the court found that all of said allegations were true.

■ During the trial, plaintiff moved for permission to amend the complaint by adding thereto the allegation that the attorneys employed by plaintiff, while making the investigation,

"did determine that the executors had made unlawful advances and loans to the Union Hotel Company and had received moneys from an estate in Idaho that were included in the moneys on deposit in the Oregon estate; and had collected as rentals from the post office property of the estate certain moneys that were not deposited in the account of the executor, all without court authority."

This was merely an allegation of what the attorneys themselves determined and not of the truth of the facts so determined. The defendants insist that the court made no order permitting the amendment to be made and we find no order having that effect. This amendment, however, is typewritten on a slip attached to the complaint and the findings of the court show that the court made findings as to the matters contained in the amendment, which could not have been made under the original complaint. Hence, we must assume that the amendment was made by permission of the court.

It will be noted that the complaint, neither before nor after the amendment, alleges that, by reason of any of the matters alleged in the complaint, or for any other reason, the plaintiff ever became legally liable under its bond to any person whatsoever. This is admitted by plaintiff in its brief filed in this court which states that:

"* * * Certainly there was no legal liability ever imposed on the respondent upon its bond by any Court."

It is not alleged in the complaint, nor is it suggested anywhere in the record, that any creditor, heir, legatee, devisee or any other person interested in the estate ever sustained any loss or damage resulting from defendants' said failures or any of them.

The defendants contend that, because the complaint fails to allege that the moneys sought to be recovered herein were not paid in satisfaction of some legal liability incurred by the plaintiff under its bond, the payment so made was a voluntary payment and not recoverable from the defendants.

The plaintiff, however, contends that, under the first paragraph of the indemnity agreement above quoted, which provides that the defendants shall pay to the plaintiff "any and all loss, cost, charges, suits, damages, counsel fees and expenses of whatever kind or nature which the Company shall or may, for any cause, at any time, sustain or incur, or be put to, or by reason, or in consequence of the Company having entered into or executed said Bond", the defendants are liable although there was no legal liability upon the part of the plaintiff under its bond. The language last quoted is almost identical, word for word, with

the language of an indemnity contract which was before the court in *United States Fidelity & Guaranty Co. v. More*, 155 Cal. 415, 101 P. 302, as to which the court there said:

"* * * Clearly, this language does not import a right of recovery upon the part of a surety company for anything less than a legal liability which it may have incurred."

It is, of course, true that the failure of an executor to file the papers referred to in the complaint might result in a loss in some cases to some person interested in the estate, in which event the surety would be liable under its bond. In such case, upon payment of the loss, the surety would be entitled to recover from the executor the amount so paid, but there is no allegation in the complaint that any such loss resulted from defendants' said failure to file said papers or any of them, and, in fact, the record of the proceedings in the county court where the estate was administered shows that no loss whatever was ever occasioned to any person by reason of any of the matters and things alleged in the complaint.

██ It was held in *National Surety Co. v. Johnson*, 115 Or. 624, 239 P. 538, under an indemnity contract differently phrased but equally as broad and comprehensive in its terms as the one involved here, that:

"The plaintiff (surety company) was not authorized to go out and pay at will what it chose and charge the defendant with such expenditures. He (the indemnitor) can be holden only for that amount for which the plaintiff became liable, either primarily or secondarily. * * * there must be a present liability on the part of the surety, and it is incumbent upon him to show the facts demonstrating that liability. * * *

But the surety will not lose his right to recover for what he has actually paid in discharge of the obligation under compulsion of liability, irrespective of whether or not the suit has been instituted or whether or not notice has been given. But when no notice is given, the plaintiff surety is bound to establish the facts upon which his liability accrued. The complaint in the present action fails to portray such a situation and hence the demurrer was well taken."

We think that the rule announced in that case is controlling here.

■ Under section 11-702, Oregon Code 1930, if an executor or administrator fails to file semi-annual accounts, as required by section 11-701, Oregon Code 1930, he may, upon the application of any heir or creditor, or other person interested in the estate, be cited to appear and do so, and if the executor or administrator refuses or neglects to appear when cited, or to file such accounts, he may be punished for contempt, or be committed by warrant of the judge to close custody in the jail of the county until he consents to make and file such reports.

■ Moreover, under section 8-601, Oregon Code 1930, a surety on an executor's bond is authorized to apply to the county court to have the executor file a substitute bond and be discharged from all further liability upon its bond.

Had the plaintiff pursued either of said remedies there would have been no necessity for the making of this investigation, nor the incurring of the expense for which recovery is sought in this action.

■ The plaintiff having incurred no legal liability under its bond and there being no allegation that the payment in question was made in satisfaction of a claim

for which it was legally liable, the complaint failed to state a cause of action and the demurrer should have been sustained. This renders it unnecessary to consider the other point raised by the defendants.

The judgment, therefore, is reversed and the cause is remanded to the court below for such other proceedings as are not inconsistent herewith.

BEAN and LUSK, JJ., not sitting.