## GAVIN v. UNITED STATES.

### No. 4139–BH.

District Court, S. D. California, Central Division.

Aug. 2, 1945.

Leslie L. Heap, of Los Angeles, Cal., for plaintiff.

Charles H. Carr, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene

Harpole, Sp. Atty., all of Los Angeles, Cal., for defendant.

HARRISON, District Judge.

This case is the outgrowth of the decision of the Supreme Court of the State of California in the Estate of Flood, 217 Cal. 763, 21 P.2d 579. Before the retrial of the above case the parties entered into a compromise and as a result the plaintiff herein received approximately two thirds of what she would have received had she prevailed on a retrial.

The government contends that inasmuch as her heirship was not established and entered into an agreement as part of her compromise, that she was not in fact an heir and, therefore, the amount received as a result of such compromise should be treated as income and should be taxable as such.

I am of the opinion that the plaintiff is entitled to recover under the authorities of Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410; Magruder v. Segebade, 4 Cir., 94 F.2d 177, and Keller v. Commissioner, etc., 41 B.T.A. 478.

As stated in Lyeth v. Hoey, 305 U.S. 188, on page 194, 59 S.Ct. 155, at page 159, 83 L.Ed. 119, 119 A.L.R. 410:

"In exempting from the income tax the value of property acquired by 'bequest, devise, or inheritance', Congress used comprehensive terms embracing all acquisitions in the devolution of a decedent's estate."

And again on page 196 of 305 U.S., at page 159 of 59 S.Ct., 83 L.Ed. 119, 119 A.L.R. 410, the following language was used:

" * * * We think that the distinction sought to be made between acquisition through such a judgment and acquisition by a compromise agreement in lieu of such a judgment is too formal to be sound, as it disregards the substance of the statutory exemption. It does so, because it disregards the heirship which underlay the compromise, the status which commanded that agreement and was recognized by it."

See Helvering v. Safe Deposit Company, 316 U.S. 56, 62 S.Ct. 925, 86 L.Ed. 1266, 139 A.L.R. 1513.

If we disregard form for substance, it would appear to me that the money the plaintiff received under the decree of distribution in the Flood Estate was an acquisition in the devolution of said estate.

I look upon the wording of the agreement and consent decree that she was not an heir, a mere formality prepared and mapped out by legal talent in order to carry out the settlement of the then pending litigation. To me the real question of law to be determined is whether money or property received by one in settlement of his or her claim to participate in the distribution of an estate is to be treated as income.

The law favors compromises (15 C.J.S., Compromise and Settlement, § 23, p. 738; 26 C.J.S., Descent and Distribution, § 73, p. 1111) and I see no reason why a rule of law should be established that would preclude compromises such as we find in this case. Under present rates of taxation such compromises would virtually cease.

We must remember that the government has lost nothing by reason of this compromise. If plaintiff had pursued her claim to a successful conclusion no tax would be due. On the other hand, if she had failed, no tax would follow.

I see no reason why this court should go back of the compromise and try the issue of heirship in order to satisfy the government that the claim of heirship was bona fide. Every compromise results in a loss to someone. If, in this court she should be able to establish her heirship, then the other heirs received more than their distributive share and such excess, under the government's theory, would be taxable as income. Are the District Courts to be called upon to determine who won or lost by reason of compromises between private parties?

I feel that the compromise agreement and the subsequent distribution pursuant thereto should be binding upon this court and not subject to review.

Plaintiff is directed to submit proposed findings and judgment in accordance with this memorandum opinion.