## UNITED STATES v. GAVIN.

### No. 11251.

Circuit Court of Appeals, Ninth Circuit.

Feb. 4, 1947.

As Amended Feb. 19, 1947.

Sewall Key, Acting Asst. Atty. Gen., Helen R. Carloss and Arthur J. Jacobs, Sp. Asst. to Atty. Gen., and James M. Carter, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for appellant.

Leslie L. Heap, of Los Angeles, Cal. (Harold A. Thompson, of Los Angeles, Cal., of counsel), for appellee.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellee received $206,974.43 as a compromise settlement of her claim against the estate of James L. Flood, deceased. The

614

right to share in said estate was based on the claim of appellee that she is the natural daughter and pretermitted heiress of said decedent. Appellee asserted her claim by filing a petition in the year 1927 in the Superior Court of San Mateo County, California, in which the last will of said Flood was being probated. Appellee asserted a claim to a two-ninths share of said estate.

Prolonged litigation ensued. Said Superior Court directed a verdict against appellee and a judgment was entered thereon. This judgment was subsequently reversed by the Supreme Court of the State of California (Estate of Flood, 217 Cal. 763, 21 P.2d 579) and the cause was remanded for a new trial. Subsequent to said remand and responsive to extended negotiations. appellee and representatives of the Flood Estate entered into a compromise agreement in the year 1934, pursuant to which appellee was awarded $206,974.13, which was approximately two-thirds of her original claim. Some of the concessions made by appellee in the compromise agreement were: To refrain in the future from asserting that she was a daughter of Flood; that her original petition for partial distribution be denied and that a finding be entered by the Superior Court that appellee was not Flood's daughter. Such a finding was made by said Court. A decree of distribution was entered ordering the estate distributed. Appellee was recognized in the distribution according to the terms of the compromise agreement.

In 1934 the Government demanded payment of income tax on the sum received by appellee. She reported 40% of the sum she had received as a result of said compromise as a capital gain held more than five and less than ten years, and paid income tax thereon in the sum of $22,373.66, plus interest. She made a claim for refund which was rejected in 1943. This action was instituted to recover the taxes and interest paid.

 The question presented for decision is: Was the property received by appellee under the compromise agreement exempt from income taxation as "property ac-

quired by gift, bequest, devise, or inheritance?"[1] The trial court held that the receipt of said property by appellee was an "acquisition in devolution of said [Flood] estate", and entered judgment for the recovery of the taxes and interest paid. With this conclusion we agree.

The Government's contention is that such a conclusion is erroneous because (1) the facts do not warrant a finding that the amount given appellee was paid to her as an heir and that the amount paid is not exempt from income tax payment if given her only in compromise of her claim of kinship; (2) that the amount received by appellee did not come from the estate; and, (3) that the property was given appellee in return for surrendering her claim against the estate.

In support of the judgment the cases of Lyeth v. Hoey, 305 U.S. 188, 194, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410; Magruder v. Segebade, 4 Cir., 94 F.2d 177; Keller v. Commissioner, 41 B.T.A. 478; Rhodes v. Commissioner, 4 T.C. 1291, decided September 16, 1944, (1944 P-H T.C. Memorandum decisions, par. 44,301); Estate of Howard v. Commissioner, 2 T.C. 1268, decided, December 9, 1943, (1943 P-H T.C. Memorandum decision, par. 43,-503), are relied on.

 The Government argues that the cited cases do not support the holding of the trial court in this case because the nontaxability of the property received in those cases arose from the fact the parties receiving the property under a compromise were admitted to be *heirs* or *legatees,* while in the instant case appellee has no greater standing than a *claimed heirship.* In our opinion such an argument ignores the statement of the Supreme Court in the case of Lyeth v. Hoey, supra [305 U.S. 188, 194, 59 S.Ct. 159], that Congress, in enacting the exemption statute with which we are concerned here "used comprehensive terms embracing all acquisitions in the devolution of a decedent's estate." It is clear that appellee was enabled to effect a compromise because of her claimed status as a natural daughter of Flood and "pursuant

[1] § 22(b) (3), Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code, § 22(b) (3).

to such compromise the probate court distributed to the petitioner [appellee]." Keller v. Commissioner, 41 B.T.A. 478, 485.[2]

The probate court made the distribution of part of the property, at least, directly to appellee from the funds of the estate. It was her status as a claimed heir which commanded the agreement and such status, by reason of the said agreement, was recognized by the probate court in the distribution. This was clearly an "acquisition in devolution of decedent's estate."

■ Probate courts may distribute a decedent's estate in accordance with his will, or the local laws of descent and distribution if there is no will, or in accordance with a court approved agreement if there is a threatened contest. In either event, it is the decedent's estate which is being distributed and property acquired by virtue of such a decree is property acquired by "inheritance" in the comprehensive sense intended by Congress when it used the term.[3]

■ A further reason urged by the Government why at least $100,000 of the amount received by appellee is taxable, is that under the compromise agreement the sum was to be paid appellee by certain of the heirs "out of their own funds, and not distributable out of the estate." This sum was paid appellee in lieu of a $\frac{4}{27}$ths interest in certain real estate belonging to the Flood estate, to which appellee surrendered her right to have distributed to her. Some of the heirs advanced $100,000, but were reimbursed by the acquisition of the surrendered $\frac{4}{27}$ths interest.

Had appellee successfully established her claim of heirship and the other heirs and legatees had paid in advance her share from their own funds, that sum would not be taxable as income to taxpayer. Here she was given the sum as part of the compromise in lieu of pursuing to final judgment her claim that she was an heiress. The attempted distinction, urged by the Government, "disregards the heirship [claim to heirship] which underlay the compromise, the status which commanded that agreement and was recognized by it."[4]

■ What has been said, we think, answers the Government's third contention that the amount received by taxpayer was a valuable consideration for a surrender of her claim and her promise of non-action, and represents a dealing in property, the gain derived from which is taxable income. Further, such a contention overlooks the nature of appellee's claim. Her claim was based on heirship, and her claimed status was such as to induce the representatives of the estate to give her two-thirds of the share she would have taken had final judgment been entered that she was Flood's daughter.

Judgment affirmed.

---

[2] "It does not seem to be questioned that if the contest had been fought to a finish and petitioner had succeeded, the property which he would have received would have been exempt from the federal act. Nor is it questioned that if in any appropriate proceeding, instituted by him as heir, he had recovered judgment for a part of the estate, that part would have been acquired by inheritance within the meaning of the act. We think that the distinction sought to be made between acquisition through such a judgment and acquisition by a compromise agreement in lieu of such a judgment is too formal to be sound, as it disregards the substance of the statutory exemption. It does so, because it disregards the heirship which underlay the compromise, the status which commanded that agreement and was recognized by it. * * * The fact that petitioner received less than the amount of his claim did not alter its nature or the quality of its recognition through the distribution which he did receive." Lyeth v. Hoey, 305 U.S. 188, 196, 197, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410.

[3] Lyeth v. Hoey, 305 U.S. 188, 194, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410.

[4] Lyeth v. Hoey, 305 U.S. 188, 196, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410.