**HARTFORD ACCIDENT AND INDEMNITY COMPANY, a corporation,**
Plaintiff,

v.

**Hazel PAYNE, Defendant.**

Civ. No. 63–351.

United States District Court
D. Oregon.
March 10, 1965.

Edwin J. Peterson, Tooze, Powers, Kerr & Tooze, Portland, Or., for plaintiff.

Howard K. Beebe, Maguire, Shields, Morrison, Bailey & Kester, Portland, Or., for defendant.

KILKENNY, District Judge.

Plaintiff's assured purchased from defendant a substance known as "condensed smoke." The substance exploded injuring two boys. Actions for damages were commenced by the injured in California. Defendant was notified of the commencement of the actions and refused to defend. Plaintiff settled said actions for substantial sums and here, as subrogee, prosecutes this indemnity action to recover the amounts so paid and its costs and expenses there incurred. Defendant admits the reasonableness of the amounts of the settlements.

For decision is the question as to whether this court should favor the plaintiff with the use of the doctrine of "potential liability" as stated in Damanti v. A/S Inger, 153 F.Supp. 600, 602 (E.D.N.Y.1957), reversed on other grounds, 314 F.2d 395 (2d Cir. 1963); Lilleberg v. Pacific Far East Line, 167 F.Supp. 3 (N.D.Cal.1958); Chicago, Rock Island & Pacific Ry. Co. v. United States, 220 F.2d 939, 941 (7th Cir. 1955); American Export Lines v. Norfolk Shipbuilding & Drydock Corp., 336 F.2d 525 (4th Cir. 1964), and others. This being a diversity case, the court should use either the Oregon rule, where the contract was made, and the district in which the action is pending, or the California rule where the previous action was settled.

■ It is my belief that the Oregon Supreme Court, if faced with the precise problem, would follow the general rule as stated in Nelson v. Sponberg, 51 Wash.2d 371, 318 P.2d 951 (1957), requiring an indemnitee, if he settles a claim before a judgment, to prove that he was in fact liable in damages. The Oregon court approved an instruction embodying this principle in Jaloff v. United Auto Indemnity Exch., 121 Or. 187, 201, 253 P. 883 (1927), and followed the same general rule in Lamb-Weston Inc. v. Oregon Automobile Ins. Co., 219 Or. 110, 115, 341 P.2d 110, 346 P.2d 643, 76 A.L.R.2d 485 (1959). For that matter, National Surety Co. v. Johnson, 115 Or. 624, 239 P. 538 (1925), and New Amsterdam Casualty Co. v. Terrall, 165 Or. 390, 107 P.2d 843 (1940), may be more in point. If California law applies, the same rule is germane. Carpenter Paper Co. v. Kellogg, 114 Cal.App.2d 640, 251 P.2d 40 (1952); Fidelity & Deposit Co. of Maryland v. Whitson, 187 Cal.App.2d 751, 10 Cal.Rptr. 6, 10 (1960).

■ Although the California courts follow the rule just stated, they nevertheless invoke, in favor of an indemnitee making a settlement, a presumption in favor of liability. Lamb v. Belt Casualty Co., 3 Cal.App.2d 624, 631–632, 40 P.2d 311 (1935); Fidelity & Deposit Co. of Maryland v. Whitson, supra. Likewise, the Oregon court has indicated that such a presumption should be invoked. National Surety Co. v. Johnson, supra, 115 Or. at 630–631, 239 P. 538. The statutory and common law presumption "that the ordinary course of business has been followed" is useful in arriving at a conclusion.

■ Agreements of compromise and settlement are favored by law. Hodges Agency, Inc. v. Rees and Stover, 202 Or. 139, 272 P.2d 216 (1954); In re Union Sav. & Loan Ass'n, 156 Or. 119, 66 P.2d 997 (1937); Gavin v. United States, 63 F.Supp. 425 (S.D.Cal.1945), aff'd., 159 F.2d 613 (9th Cir. 1947) and Woodbury v. United States, 232 F.Supp. 49 (D.Or. 1964).

■■ Therefore, the issue with reference to potential liability is eliminated. Upon a showing of due notice of the claim to the defendant and a failure or refusal to defend, the burden of going forward with the evidence, on the question of liability, will shift to the defendant.

It is so ordered.