Argued September 6, reversed and remanded October 16, 1968

# ST. PAUL FIRE AND MARINE INSURANCE COMPANY, *Appellant, v.* UNITED STATES NATIONAL BANK ET AL, *Respondents.*

446 P. 2d 103

*William E. Duhaime,* Medford, argued the cause for appellant. On the briefs were Brophy, Wilson & Duhaime, Medford.

*Hugh B. Collins,* Medford, argued the cause for respondents. On the brief were Collins & Redden, Medford.

Before PERRY, Chief Justice, and O'CONNELL, DENECKE, HOLMAN and MENGLER, Justices.

MENGLER, J. (Pro Tempore).

This is an action brought by an insurer, of an indemnitee, who seeks to recover the costs of defending an action from the defendant indemnitor and his surety.

The pertinent facts giving rise to the appeal are as follows: Defendants Compton and Rowell, hereinafter referred to as the contractor, entered into a construction contract with the Oregon State Highway Commission, hereinafter referred to as the commission. Defendant Glens Falls was surety on the contractor's performance bond. Plaintiff was general liability insurer for the commission, its officers, agents and employees. This policy was issued prior to the execution of the contract.

Three engineers employed by the commission were assigned the duty of general supervision of construction under the contract. During construction an employee of the contractor was killed when his vehicle

collided with a barricade. An action for damages was brought by the administratrix against the three engineers who were alleged to have been negligent in building, or in supervising and directing the building, of the fence or barricade. The contract required that the barricade be built and maintained by the contractor. Defendants were requested to undertake the defense of the engineers and to indemnify them for any loss or expense. The request was refused. The plaintiff defended.

The trial court made the following finding of fact:

"2. That at all times material to this litigation, the defendants Lammert, Morgan and Chandler were engineers employed by the Commission, whose duties included general supervision of the highway construction and of the performance by Compton of its contract with the Commission, and were acting within the course and scope of their employment as commission engineers.

"3. That a few days prior to September 28, 1960 the Commission, through one or more of its aforesaid engineers, and Compton jointly constructed a fence barricade on the premises covered within the Compton contract, including the installation of a gate which was thereafter kept locked, for the purpose of excluding unauthorized traffic from the construction area and thereby promoting the efficiency of the construction work and the safety of the public as well as those engaged in the construction including the employees of Compton.

"4. That plaintiff's complaint herein alleges that on or about September 28, 1960, plaintiff's decedent, Robert E. Clancy, died as a result of injuries sustained when a vehicle which he was operating collided with the said fence barricade, and that this court finds that at said time and place the said decedent, Robert E. Clancy, was an employee of Compton and that his collision with said

fence barricade arose out of and in the course of his employment."

The trial court held that the action was barred by the provisions of ORS 656.154 because the contractor and commission engineers were covered by workmen's compensation. Judgment was entered for defendants. Plaintiff, as general liability insurer of the commission and its employees, brought this action to recover $4,628.70 from the contractor and his surety as the reasonable cost of investigation and defense of the action against the commission engineers. This action was tried before the court without a jury on an agreed statement of facts and exhibits. No testimony was taken. Plaintiff appeals from a judgment for the defendant.

Plaintiff assigns as error the trial court's holding that the indemnity provisions of the contract did not cover the loss and expense of investigation and defense of a tort action brought by a third person against the three commission engineers, and in entering a judgment for that reason in favor of the defendants.

Specification 1.7.16 of the contract provides:

"1.7.16. Responsibility for Damages

"The contractor shall be responsible for all damages to property, injury to persons, and loss, expense, inconvenience, and delay that may be caused by or that may result from any act, omission, or neglect of the contractor, his subcontractors, or his employes in the performance of the work to be done under the contract.

"The contractor shall indemnify and save harmless the State of Oregon, the State Highway Commission, the members thereof and its officers, employes and agents from all claims, demands, suits or actions of every name and description brought

. for or on account of any damage, injury, loss, expense, inconvenience, or delay received or sustained, or claimed to be received or sustained, by any person or persons, *which damage, injury, loss, expense, inconvenience, or delay may have been caused by or may have resulted from the performance of the work to be done under the contract, or from any act, omission, or neglect of the contractor, his subcontractors, or his employes * * *."*

The trial court held that the italicized words in the second paragraph were words of particular description and limited the meaning of the preceding unitalicized words of general description, and that, therefore, the indemnity provision of the contract was limited only to violations of the contractor, his subcontractors, and employees.

■ This was an attempt by the trial court to apply a rule of statutory construction known as *ejusdem generis.* The rule is that general words following words of particular description are limited in meaning to the scope of the particular words. This court in a somewhat similar case held that an indemnity provision could not be restricted by the rule of *ejusdem generis* so as to exclude indemnity to the contractor for the subcontractor as to tort claims of third persons. *U. S. Fid. & Guar. Co. v. Thomlinson Co.,* 172 Or 307, 141 P2d 817 (1943). We hold here that the rule was inapplicable and improperly applied by the trial court.

This court has held that a contract of indemnity will not be construed to cover losses to an indemnitee caused by his own or concurrent negligence, unless such intention is expressed in clear and unequivocal terms. This court has accordingly construed indemnity clauses to be broad enough to cover the indemnitee

for his own or concurrent negligence. *U. S. Fid. & Guar. Co. v. Thomlinson Co.,* supra; *Southern Pac. Co. v. Layman,* 173 Or 275, 145 P2d 295 (1944); *So. Pac. Co. v. Morrison-Knudsen Co.,* 216 Or 398, 338 P2d 665 (1959).

Other courts have held that indemnity provisions similar to the one at issue here are broad enough to indemnify the indemnitee against his own or concurrent negligence. *Unitec Corporation v. Beatty Safeway Scaffold Co. of Oregon,* 358 F2d 470 (9th Cir 1966); *Metropolitan Pav. Co. v. Gordon Herkenhoff & Assoc.,* 66 NM 41, 341 P2d 460 (1959); *Cope v. J. K. Campbell & Assoc.,* 71 Wash2d 453, 429 P2d 124 (1967); *J. A. Payton v. Kuhn-Murphy, Inc.,* 253 Cal App 2d 278, 61 Cal Rptr 575 (1967). See also Annotation, 175 ALR at 144 (1948).

The contractor and the commission expressly contracted with respect to the duty of the contractor to indemnify the commission. The extent of that duty to indemnify must be determined from the contract. Since it is abundantly clear that the cause of action arose in connection with work required to be performed by the contractor, the negligence, if any, of the commission would have arisen from the performance of the contract by the contractor or his acts, omissions, or neglect.

■ A reading of the indemnity provisions of the contract can lead only to the conclusion that the intended indemnification covers alleged claims against the commission and its employees, whether provable or not, arising from injury to any third person, or his property, occasioned or caused by, in whole or in part, the performance, act, omission, or neglect of the contractor or commission. We hold that the commission

employees are entitled to indemnification. To hold otherwise would render the indemnification provision meaningless. An indemnity provision in a contract has no meaning unless it entitles the indemnitee to be indemnified for a claim arising out of the contract based in whole or in part on its own negligence. *So. Pac. Co. v. Morrison-Knudsen,* supra.

The remaining question is whether the plaintiff is subrogated to the commission engineers' right to be indemnified. Defendants argue that plaintiff, under the subrogation clause of the policy, has acquired no rights against the contractor because the commission engineers suffered no expense and therefore could have no right of action against the contractor.

■ The right to subrogation here, like the right to indemnity, arises out of an express contract. In *U. S. Fid. & Guar. Co. v. Thomlinson Co.,* supra, this court found that the indemnitee's surety was entitled to be subrogated to the rights of the indemnitee against the indemnitor and his surety. The right arose out of equitable principle and not from the contract, as here. Having found the equitable right of subrogation, the court was, as here, confronted with the question whether any loss had been suffered by the indemnitee because his surety had paid the loss directly. The court held that even though the indemnitee's surety had paid the loss directly to the damaged third person instead of through the indemnitee, the payments should be deemed to have been made by the indemnitee. We agree and hold accordingly that the payment by the plaintiff of the expenses of investigation and costs of defending the action against the commission engineers does not deprive the plaintiff of its contractual right of subrogation.

The judgment of the trial court was based on an error of law; therefore, we must reverse. The judgment in favor of defendant is reversed and the cause remanded to the trial court with instructions to make findings not inconsistent with this opinion and to enter judgment accordingly.

Reversed and remanded.