Argued July 16, affirmed October 7, 1970

# ST. PAUL FIRE & MARINE INS. CO., *Respondent,* v. CROSETTI BROS., INC., *Appellant.*

475 P2d 69

*Edwin J. Peterson,* Portland, argued the cause for appellant. With him on the brief were Tooze, Powers, Kerr, Tooze & Peterson and Paul R. Duden, Portland.

*David C. Landis,* Portland, argued the cause for respondent. With him on the brief were Gearin, Hollister & Landis, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE and TONGUE, Justices.

DENECKE, J.

The defendant appeals from a judgment entered against it in an action on an indemnity agreement.

The defendant entered into a contract with the Port of Portland to perform the janitorial services in the terminal of the Portland Airport, which was operated by the Port. The contract contained the following indemnity provision:

> "The Contractor does hereby covenant and agree to indemnify and save harmless the Port from all fines, suits, claims, demands and actions of any kind and nature by reason of any and all of its operations hereunder and does hereby agree to assume all the risk in the performance of its

services hereunder and shall be solely responsible and answerable in damages for any and all accidents or injuries to persons or property."

A patron of the terminal fell on the terminal floor. She brought an action against the defendant and the Port. She alleged that both the defendant Crosetti and the Port were negligent:

"1. In maintaining the floor in the area of the passenger counter of said defendant Northwest Airlines, Inc., in a dangerous and slippery condition.

"2. In permitting or causing floor dressing, coating or other liquid preparation or substance to be on the floor in the area of the ticket counter of said defendant Northwest Airlines, Inc., where the general public, and in particular the plaintiff, could slip thereon.

"3. In failing to warn persons, and in particular the plaintiff, in making use of the floor of said area of the hazardous condition thereof."

The plaintiff, the Port's liability insurance carrier, tendered the defense of the Port to Crosetti who refused to defend on the Port's behalf. The passenger's action was settled before trial by Crosetti and the Port paid nothing. The plaintiff then brought this action for defense costs, including attorney's fees and investigative expense.

Crosetti's position is that under the allegations in the complaint the passenger could have recovered a judgment against the Port upon a basis for which Crosetti did not have to indemnify the Port; therefore, Crosetti had no obligation to defend for the Port. Crosetti contends that under subparagraphs 1. and 3. of the allegations of negligence the patron could have proved that her fall was caused by the type of floor

provided by the Port and not by any conduct of Crosetti, and that under such proof Crosetti would have no obligation to indemnify the Port.

The defendant also contends: "[T]he terms of the indemnity clause do not require a payment for defense costs where the indemnitee has not incurred some obligation for 'damages,' either by way of a settlement or a judgment." Defendant cites in support thereof *Hunter v. Missouri-Kansas-Texas Railroad Company*, 276 F Supp 936, 944 (ND Okla 1967). The language of the indemnity contract in that case was similar to that in the present case and the decision does support the defendant's position.

In *St. Paul Fire v. U. S. Nat. Bank*, 251 Or 377, 446 P2d 103 (1968), we recently awarded defense costs to an indemnitee although the indemnitee obtained a judgment in his favor and, therefore, did not incur any obligation to pay damages. No issue, however, was raised in that case on this particular point.

■ The rule in most jurisdictions, regardless of whether indemnity is based upon an implied or an express agreement, is that when a claim is made against an indemnitee for which he is entitled to indemnification, the indemnitor is liable for any reasonable expenses incurred by the indemnitee in defending against such claim, regardless of whether the indemnitee is ultimately held not liable. *Paliaga v. Luckenbach Steamship Co.*, 301 F2d 403, 408 (2d Cir 1962); *Miller and Company of Birmingham v. Louisville & N. R. Co.*, 328 F2d 73, 78 (5th Cir 1964); *Southern Arizona York Refrigeration Co. v. Bush Mfg Co.*, 331 F2d 1, 60 (9th Cir 1964); *O'Connell v. Jackson*, 273 Minn 91, 140 NW2d 65, 69 (1966); *Commercial Standard v. Cleveland*, 86 Ariz 288, 345 P2d 210, 216 (1959); Restate-

ment, Restitution § 80, Comment b., 356. We so hold. Statements in *New Amsterdam Co. v. Terrall*, 165 Or 390, 107 P2d 843 (1940), and *National Surety Co. v. Johnson*, 115 Or 624, 239 P 538 (1925), are not to be construed to the contrary.

Having held that the indemnitor defendant had an obligation to defend the indemnitee or pay the costs of defense if the claim was covered under the indemnity agreement the ultimate question is reached: Did the indemnitor have such obligation in this case in which, under the allegations of the injured plane passenger's complaint, the claim might be or might not be within the terms of the indemnity agreement?

In *Ferguson v. Birmingham Fire Insurance Company*, 254 Or 496, 460 P2d 342 (1969), we recently held that a liability insurance company had an obligation to defend under such circumstances. The complaint against the insured in that case alleged an intentional trespass for which the insurer provided no coverage. Under such an allegation, however, the plaintiff could have recovered upon proof of an unintentional entry for which liability the insurer did provide coverage. We held: "Similarly, the duty to defend will also rise under some circumstances when the complaint contains only one count which, on its face, falls within a policy exclusion. If the complaint, without amendment, may impose liability for conduct covered by the policy, the insurer is put on notice of the possibility of liability and it has a duty to defend." 460 P2d at 347.

■■ The defendant in the present case is not an insurer; however, because the defendant has a duty to defend or pay the costs of defense if the claim is covered by the indemnity agreement, the defendant's obligation should be identical to that of an insurer.

Likewise the *Ferguson* case is applicable to the indemnity relationship on the issues of collateral estoppel and conflict of interest. A noninsurance company indemnitor who defends its indemnitee is ordinarily estopped in a subsequent action for indemnity by the judgment in the original case from contesting any facts decided in the original case. *Riggs v. New Jersey Etc. Plate Glass Co.*, 126 Or 404, 270 P 479 (1928). An insurance company is likewise ordinarily estopped. However, we held in the *Ferguson* case that estoppel will only operate against an insurer if there is no conflict of interest in the original case between the insurer and the insured. This rule is also applicable to noninsurance company indemnitors.

■ We hold the defendant did have a duty to defend and, therefore, it is liable for plaintiff's investigative expense and attorney's fees.

Affirmed.